[No. 1028.   Decided January 26, 1894.]

HERMAN ATROPS, *Respondent*, v. PETER COSTELLO AND
THE CITY OF SPOKANE, *Appellants*.

DEATH BY WRONGFUL ACT—DAMAGES—PROOF OF PECUNIARY
LOSS—EVIDENCE.

Punitive or exemplary damages cannot be recovered in an action brought under § 139, Code Proc., authorizing an action for the injury or death of a child.

In an action for damages for negligently causing the death of a child, pleading and proof of special pecuniary damages is unnecessary, as, in such cases, it falls within the province of the jury to judge of the pecuniary loss to the parents from the evidence showing the age of the child, its health, habits, character, and the station in life of the parents.

Where, in such an action, the plaintiff has testified to the age of his girl, who was a healthy and sound child; that she was industrious and capable and willing to work; was handy about doing housework; that the parents were engaged in keeping a boarding house, and that she was of great assistance to them in such employment; that the girl was going to school and he had intended to send her through the public schools; it is error to exclude testimony on the part of the defendant tending to show the expense attached to schooling, clothing and maintaining a child of her years, and the value of the earnings of a child of the same character in the same situation.

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry*, and *F. T. Post*, for appellants:

Upon the right of defendant to prove the value of the services of the deceased child, and the cost of clothing, maintaining and educating her, as plaintiff testified he did and expected to continue to do, the appellant cited *Rajnowski v. Railroad Co.*, 41 N. W. 848; *Klanowski v. Railroad Co.*, 24 N. W. 807; *Pennsylvania Coal Co. v. Nee*, 13 Atl. 841; *Hurst v. Railroad Co.*, 48 N. W. 44.

*W. W. D. Turner*, and *Forster & Wakefield*, for respondent:

In this kind of an action it is not necessary to specify with any particularity the damages sustained by plaintiff because of the wrongful killing of his little girl. *Ihl v. Forty-second St. R. R. Co.*, 47 N. Y. 317; *Oldfield v. New York, etc., R. R. Co.*, 14 N. Y. 310; *McGovern v. New York, etc., R. R. Co.*, 67 N. Y. 417; *Little Rock, etc., R. R. Co. v. Barker*, 39 Ark. 491; *Parsons v. Missouri Pac. Ry. Co.*, 6 S. W. 464; *Potter v. Chicago, etc., Ry. Co.*, 21 Wis. 377; *Louisville, etc., Ry. Co. v. Buck*, 19 N. E. 453; *Ross v. Texas, etc., Ry. Co.*, 44 Fed. 44; *Nagle v. Missouri Pac. Ry. Co.*, 75 Mo. 653; *Gorham v. New York Central R. R. Co.*, 23 Hun, 449; *Westcott v. Central Vermont R. R. Co.*, 17 Atl. 745; *Chicago, etc., R. R. Co. v. Carey*, 3 N. E. 519; *Union Pacific Ry. Co. v. Dunden*, 14 Pac. 501; *Brunswig v. White*, 8 S. W. 85; *Illinois Central R. R. Co. v. Barron*, 5 Wall. 90; *O'Mara v. Hudson River R. R. Co.*, 38 N. Y. 445.

The opinion of the court was delivered by

DUNBAR, C. J.—This action was brought under § 139 of the Code of Procedure, wherein a father or, in case of the death or desertion of his family, the mother is author-

ized to maintain an action as plaintiff for the injury or death of a child, and a guardian for the injury or death of his ward. The action was brought by the father of Maggie Atrops, who was killed by a blast alleged to have been negligently and carelessly let off by the appellants.

It is contended by the respondent that the plaintiff in this action can recover punitive or exemplary damages, and it is desired, by the respective counsel in this case, that the court pass upon that question. The contention of the respondent is that § 139 is to be construed with reference to § 138. Sec. 139 corresponds with § 9 of the laws of 1873, and § 138 corresponds in part with § 8 of the laws of 1873, which provides that:

"The widow, or widow and her children, or child or children if no widow, of a man killed in a duel, shall have a right of action against the person killing him, and against the seconds, and all aiders and abettors, and shall recover such a sum as to the jury shall seem reasonable."

The contention here is that § 9 standing alone does not prescribe any rule or measure of damage, nor does it provide under what circumstances suit may be maintained for the injury or death of the child, nor against whom said action may be maintained, and that without it is construed with, and as a part of, the chapter with which it is enacted, it is absolutely meaningless, and that therefore the measure of damages provided for in § 8 of said chapter—that is, "such a sum as to the jury shall seem reasonable"— was intended by the legislature to apply also to § 9. After the enactment of these sections in 1873, the following amendments were made in 1875, to wit: Sec. 4 of the Laws of 1875 (p. 4) provides as follows:

"The following additional section shall follow § 8 [referring to § 8 of the Laws of 1873] as a new section in the chapter of said act to which this is amendatory, relating to parties to actions, that is to say:

"SEC. ——. When the death of a person is caused by the

wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or when the death of a person is caused by an injury received in falling through an opening or defective place in any sidewalk, street, alley, square or wharf, his heirs or personal representatives may maintain an action for damages against the person whose duty it was, at the time of the injury, to have kept in repair such sidewalk or other place.   In every such action the jury may give such damages, pecuniary or exemplary, as, under all the circumstances of the case, may to them seem just.''

This section, with the amendment passed in 1875, appeared in the Code of 1881 as § 8, leaving out the words, ''shall recover such a sum as to the jury shall seem reasonable,'' which words were not repealed by the enactment of 1875, without it may be considered that they were repealed by implication by the enactment of the provision in the same section that, ''in every such action the jury may give such damages, pecuniary or exemplary, as, under all the circumstances of the case, may to them seem just;'' this provision being somewhat inconsistent with the former provision at the end of ·§ 8 of the Laws of 1873, that a person should ''recover such a sum as to the jury shall seem reasonable.''   But, however that may be, construing the sections with reference to the statute of 1873 before it was amended, it seems to us that the provisions of § 8 were not intended to apply to § 9, which provides for altogether a different character of action. § 8 providing for a specific action where a man was killed in a duel, and § 9 providing for the maintenance of an action for injury or death of a child generally.   Therefore, we think that under the decision of this court in *Hoefer v. Spokane Truck & Dray Co.*, 2 Wash. 45 (25 Pac. 1072), the doctrine of punitive or exemplary damages will not apply to an action brought under § 9 of the laws of 1873, being § 139 of the Code of Procedure.

Upon the trial of this cause, evidence was offered by respondent tending to show that the death of the child was caused by the carelessness of the defendant, and all the circumstances attending her death. Plaintiff testified to the age of the girl, who was a healthy and sound child; that she was industrious and capable and willing to work; was handy about doing housework; that the parents were engaged in keeping a boarding house, and that she was of great assistance to them in such employment. Defendant objected to any evidence whatever as to the damage, or which tended to show damage, by loss of services or otherwise, which plaintiff had sustained, for the reason that under the complaint there could be no recovery excepting for nominal damages; and to the introduction of any evidence under the complaint, for the reason that it did not state a cause of action, and that there was an improper joinder of defendants. Both of these objections were overruled by the court, and defendants excepted.

At the conclusion of plaintiff's evidence, defendants moved for a non-suit, on the ground that the complaint did not state a cause of action; that the evidence did not show any liability against the defendants, and that there was no statute in this state providing a liability in a case of this kind upon an action by the father; which motion was by the court overruled. Defendants then moved the court to instruct the jury to bring in a verdict against defendants for nominal damages, upon the ground that plaintiff failed by his evidence to show any damages; which motion was denied. Defendants then proceeded to the introduction of testimony showing the cost of clothing a girl between the ages of eight and eighteen years in Spokane, in the poorer walks of life; how much time she would be occupied in school; how much leisure she would have in going through the public schools of the city; what would be the cost of providing for such a child in a comfort-

able and decent way; how much she could earn; how much, if any, service she could be to her parents, and others; and as to whether she could render any service between those years and while she was in attendance upon the public schools; all of which was objected to by plaintiff, and objection sustained on the ground that such testimony was immaterial, irrelevant and incompetent.

We are of the opinion that the motion for non-suit was properly overruled; and without entering into any review of the authorities, which has so often been done in cases of this character, we are satisfied that the great weight of authority sustains the doctrine that judgment can be obtained in the absence of proof of special pecuniary damage. It is true that a great many of the cases which sustain this position are in states where exemplary damages are allowed in cases of this kind; but the general doctrine is stated on the broad ground that proof of special damages is impracticable, and that no specific loss occasioned by the death of a child is necessary, for the reason that calculations of this kind are within the special province of the jury, and that the jury is as well calculated, knowing the age of the child, her health, her habits, her character, and the station in life of her parents, to judge of the pecuniary loss to the parents, as witnesses who might be called to testify.

But, while this may be true, and a plaintiff would have a right to rest after furnishing the jury with sufficient data from which they could come to an intelligent conclusion as to the amount of damages sustained by a parent, we do not think the rule should be extended so as to preclude the defendant, if he saw fit, from introducing testimony affirmatively showing that no damages could arise from the state of facts testified to by the plaintiff; as, for instance, in this case, the plaintiff testified that he was sending the girl to school; that he intended to send her through the public schools of Spokane; that he expected to give her the full

advantage of the schools; and testified how he clothed and lodged her, and to her capability for work. We think it was certainly competent for the defendant to show by competent testimony the expense of such schooling, such clothing and lodging and maintenance generally, and the value of the earnings of a child of the same character and in the same place, and any other pertinent facts which might assist the jury in reaching a conclusion as to the proper amount of damages which would be sustained by the parents by reason of the loss of their child. It is true that difficulties present themselves from every standpoint, and that no rule can be laid down to which objections cannot be raised, but we think it is going too far to deprive the defense of introducing any testimony with relation to the damages which he is called upon to pay in cases of this kind, which would be the result of excluding the testimony offered by the defendant in this case, and his defense would be confined entirely to the question of negligence.

In view of a new trial it will not be necessary to pass upon the question of the excessiveness of the verdict.

For the error alleged in excluding defendants' testimony, above referred to, the judgment will be reversed, and a new trial granted.

HOYT, ANDERS and STILES, JJ., concur.

SCOTT, J., dissents.