[No. 9022. Department Two. November 23, 1910.]

LAFAYETTE BORTLE et al., Respondents, v. NORTHERN PACIFIC RAILWAY COMPANY, Appellant.[1]

DEATH—ACTIONS—PERSONS ENTITLED TO SUE—DEPENDENCY—STATUTES—EVIDENCE—SUFFICIENCY. Rem. & Bal. Code, § 194, authorizing an action for wrongful death of a child by parents dependent upon him for support, requires a substantial degree of dependency arising from necessitous want, and a recognition of the necessity on the part of the child; and the evidence is insufficient where it shows only occasional contributions in the nature of gifts to parents who supported themselves.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered April 20, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for wrongful death. Reversed.

Geo. T. Reid, J. W. Quick, and L. B. da Ponte, for appellant.

Bates, Peer & Peterson and Lot Davis, for respondents.

[1] Reported in 111 Pac. 780.

MORRIS, J.—Respondents brought this action to recover for the death of their adult son, alleged to have been caused by the negligence of the appellant. The deceased was hostler's helper at appellant's round house at Tacoma. His work was assisting the hostler in taking engines from where they had been left by the road engineers, to the coal bunkers and ash pit. On the night of his death, he had assisted in moving two engines, and was engaged in moving the third, and when last seen alive was standing with his feet in the stirrups of the tank. When next seen he was lying on the ground unconscious, between the engine and a pile of wood that stood next to the track, at a distance variously estimated by different witnesses from ten inches in the clear to thirty-three inches from the greatest projection to the center of the rail, the theory of respondents being that the deceased was brushed or pushed from the tank under the wheels of the engine by coming in contact with the wood pile, and that it was negligence to pile the wood so close to the track. The action was brought under Rem. & Bal. Code, § 194, providing that no action for personal injury occasioning death shall abate by reason of such death, if deceased leave parents who may be dependent upon him for support. There were, therefore, two issues in the case, (1) the negligence of the appellant, and (2) were respondents dependent upon the deceased for support. Judgment was in favor of respondents upon both issues, and the case is brought here, suggesting error in the denial of nonsuit and in the refusal to grant judgment notwithstanding verdict.

Under the statute the right of action is conferred, not upon parents as a class, but only upon those who may be dependent upon the deceased child for support. Manifestly, unless the evidence shows such dependence, respondents are not entitled to recover. The deceased was twenty-five years of age, and had for some years been away from home, working in various occupations, coming home "a few times each year." The father was fifty-five years old and the mother fifty-one. There

was another son twenty-eight years old who worked on a ranch, and a daughter sixteen years old who lived away from home, working for her board and going to school. The father testified that his health was not good, preventing him from doing hard manual labor, and that his business was soliciting for the sale of tea, in which he averaged about forty dollars a month, out of which he supported himself and wife, who also testified to being in bad health and under a doctor's professional care. The father could give no definite statement as to when or how much the deceased contributed to the support of himself and wife, other than he thought "somewhere around one hundred dollars a year," and "whenever I called on them [the two sons] I got money;" but he was unable to state when he had called on them, or how they had responded. The mother also fixes the amount at about one hundred dollars a year, but was unable to say when the deceased had contributed anything or how much, except that she remembers once he gave her twenty dollars; about a year before his death he gave seven dollars, and in July preceding his death (September 11), he gave five dollars.

This evidence does not, in our opinion, establish such a support or dependency as is contemplated by the statute. It shows nothing more than such gifts as countless sons occasionally bestow upon their parents, with no thought of dependency, nor that it is a gift of necessity. Our statute means something more; while we would not give it such a strict construction as to say it means wholly dependent, or that the parent must have no means of support or livelihood other than the deceased, such a construction being too harsh and not in accordance with the humane purpose of the act. Nevertheless, there must be some degree of dependency, some substantial dependency, a necessitous want on the part of the parent, and a recognition of that necessity on the part of the child. Such we believe to be the general interpretation of like statutes. 8 Am. & Eng. Ency. Law, p. 904, in speaking of like statutes, defines the correct rule as:

"There must be an actual dependency on the deceased, on the part of the party claiming the right of action. The mere fact that the deceased occasionally contributed to the support of such party, in an irregular way, is not sufficient, where the fact of dependency alone confers the right of action;"

citing *Hodnett v. Boston & A. R. Co.*, 156 Mass. 86, 30 N. E. 224; *Houlihan v. Connecticut River R. Co.*, 164 Mass. 555, 42 N. E. 108, and *Duval v. Hunt*, 34 Fla. 85, 15 South. 876.

In *Daniels v. Savannah, F. & W. R. Co.*, 86 Ga. 236, 12 S. E. 365, the court construes the word "dependent" as meaning substantially and not wholly dependent, and says:

"The contribution to the father or mother by the child need not be wholly sufficient, but only such as is in part sufficient for such support; and that the word dependent means wholly or in part dependent materially upon such child for support."

In *Duval v. Hunt, supra,* it is said:

"We think that when the suit is brought by a person who bases his right to recover upon the fact that he is dependent upon the deceased for support, then he must show, regardless of any ties of relationship or strict legal right to such support, that he or she was either from the disability of age, or non-age, physical or mental incapacity, coupled with the lack of property means, dependent in fact upon the deceased for a support. There must be when adults claim such dependence, an actual inability to support themselves, and an actual dependence upon some one else for support, coupled with a reasonable expectation of support or with some reasonable claim to support from deceased."

The evidence here does not bring respondents within the statute. They were in no sense dependent upon the deceased for support. The father was able to follow a daily vocation, and if his earnings only resulted in an average income of $40 per month, that was the result of his inability to sell more goods, and not his inability to solicit the sale. His necessity must not be judged from his unsuccessful effort to make a larger income, but from his physical ability to make the effort. Neither does an occasional contribution from a son

to a parent establish a condition of dependency. There must be a substantial need on one side and a substantial financial recognition of that need on the other side, to make out a dependency within the meaning of this statute.

For these reasons we think the court was in error in not sustaining the motion for judgment notwithstanding verdict. The judgment is reversed, and the cause remanded with instructions to dismiss.

RUDKIN, C. J., DUNBAR, CROW, and CHADWICK, JJ., concur.