PENOZA et ux. v. NORTHERN PAC. RY. CO.   (No. 2762.)

(District Court, W. D. Washington, N. D.   June 24, 1914.)

1. COURTS (§ 363*)—FEDERAL COURTS—RULES OF DECISION—STATE STATUTES.
      In a suit in a federal court for the wrongful death of a child, the measure of damages is controlled by the statutes of the state.
      [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 363.*]

2. DEATH (§ 89*)—DEATH OF MINOR—ACTION BY PARENTS—DAMAGES—MENTAL SUFFERING.
      Rem. & Bal. Code, § 183, authorizes parents to recover for the wrongful killing of a minor child such damages as to the jury shall seem just under all the circumstances. Section 194 provides that no action for personal injury to any person, occasioning his death, shall abate, if he have a wife or child living, or, leaving no wife or issue, if he have dependent on him for support and resident within the United States at the time of his death, parents, etc., who are authorized to sue. Section 184 declares that a father, or, in case of his death or desertion of his family, the mother, may maintain an action as plaintiff for the death of the child. Held, that under such statute no recovery can be had by a parent for mental suffering, pain, and anguish sustained and suffered as the result of the wrongful killing of a minor child, but the damages are limited to the pecuniary loss resulting from such death.
      [Ed. Note.—For other cases, see Death, Cent. Dig. § 118; Dec. Dig. § 89.*]

At Law.   Action by Joseph Penoza and another against the Northern Pacific Railway Company.   On motion to strike an allegation of mental suffering, pain, and anguish from plaintiff's amended complaint.   Granted.

Martin Korstad and E. G. Mills, both of Seattle, Wash., for plaintiffs.

C. H. Winders, of Seattle, Wash., for defendant.

NETERER, District Judge.   The plaintiffs have instituted action against the defendant for damages on account of the death of plaintiffs' minor son, alleged to have been caused by the negligence of the defendant, and allege as a basis for recovery, as follows:

"Thereby causing plaintiff great mental suffering, pain, and anguish, and damages through the loss of his services."

The defendant has filed a motion to strike from the complaint "great mental suffering, pain, and anguish," on the ground that it is incompetent, irrelevant, and immaterial.

[1, 2] The question for decision is the right of recovery for grief or anguish occasioned by reason of the death of a child. The measure of damages in this case will be controlled by the statutes of the state of Washington. The sections of the statute which are pertinent to the issue here are sections 183 and 194 of Remington & Ballinger's Code, which provide:

"* * * When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. · If the deceased leave no widow or issue, then his parents * * * who may be dependent upon him for support and who are resident within the United States at the time of his death; may maintain" an action for damages.

"In every such action, the jury may give such damages, as under all circumstances of the case may to them seem just."

"No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the time of his death, parents. * * * But such action may be prosecuted * * * in favor of his parents * * * who may be dependent upon him for support, and resident within the United States at the time of his death."

And section 184 of Remington & Ballinger's Code, which provides:

"A father or in case of the death or desertion of his family the mother, may maintain an action as plaintiff for the injury or death of a child."

The authorities cited by counsel for the plaintiff to sustain his contention that a recovery can be had for mental suffering on the part of the parents are, almost without exception, cases where the plaintiff had suffered from outraged feelings, shame, humiliation, disgrace, mental pain and anguish, occasioned by the conduct of the defendant towards the plaintiff, or the property of the plaintiff, which directly affected the physical possession and occasioned the pain and anguish by reason thereof. The statutes of Washington do not authorize damages to be given for suffering of the deceased, nor for grief and sense of bereavement on the part of surviving relatives. Only the direct pecuniary loss to the parents of the deceased are considered in estimating the damages to be recovered. This statute was construed by the Supreme Court of Washington in Hedrick v. Ilwaco Ry. & Nav. Co., 4 Wash. 400, 30 Pac. 714, in which the court held that while the parent could maintain an action for damages for loss of services of his minor child, at common law, the object of the statute was to create a new and independent right of action for the loss of services subsequent to the death, and held:

"The measure of damages in such cases is the value of the child's services from the time of the injury until he would have attained the age of majority, taken in connection with his prospects in life, less the cost of his support and maintenance. To this may be added, in proper cases, the expense of nursing and medical treatment, and in some jurisdictions even funeral expenses."

The measure of recovery was not enlarged by the amendment of the act of 1909, Laws of Washington 1909, pp. 425 and 566. Nor does.

the language, "who may be dependent for support," restrict recovery to actual need. The Supreme Court of Washington, in Kanton v. Kelly, 65 Wash. 617, 118 Pac. 890, 121 Pac. 833, quoted from Bortle v. N. P. Ry. Co., 60 Wash. 552, 111 Pac. 788, Ann. Cas. 1912B, 731, as follows:

"While we would not give it such a strict construction as to say" they must be "wholly dependent, or that the parent must have no means of support or livelihood other than the deceased, such a construction being too harsh and not in accordance with the humane purpose of the act; nevertheless there must be some degree of dependency, some substantial dependency, a necessitous want on the part of the parent, and a recognition of that necessity on the part of the child."

No case has been called to our attention, nor have we been able to find any, where a recovery is permitted for grief and mental anguish except in states where exemplary damages may be recovered, and a rule has been established differing from the statutes of Washington.

The closing provision of section 183, supra, "the jury may give such damages as under all of the circumstances of the case may to them seem just," cannot aid the plaintiffs or enlarge their right of recovery. This undoubtedly has reference to the mode and character of proof with relation to the pecuniary damages authorized by the statute, and the difficulty in establishing such damages. In Atrops v. Costello, 8 Wash. 149, 35 Pac. 620, the Supreme Court of Washington uses this language:

"We are satisfied that the great weight of authority sustains the doctrine that judgment can be obtained in the absence of proof of special * * * damage. It is true that a great many of the cases which sustain this position are in states where exemplary damages are allowed in cases of this kind; but the general doctrine is stated on the broad ground that proof of special damages is impracticable, and that no specific loss occasioned by the death of a child is necessary, for the reason that calculations of this kind are within the special province of the jury, and that the jury is as well calculated, knowing the age of the child, her health, her habits, her character, and the station in life of her parents, to judge of the pecuniary loss to the parents, as witnesses who might be called to testify."

"This, in effect, means that the damages shall rest in the sound discretion of the court or jury, a discretion to be exercised in view of the fact 'that such damages are to be measured by what shall fairly seem the pecuniary injury or loss to the plaintiff.'" In re California Navigation & Improvement Co. (D. C.) 110 Fed. 670, at page 676, citing Morgan v. Southern Pacific Co., 95 Cal. 501, 30 Pac. 601.

In Atkeson v. Jackson Estate, 72 Wash. 239, 130 Pac. 102, the Washington Supreme Court held that substantial damages for the death of a baby girl could be recovered without proof of special pecuniary loss, and no recovery was included for wounded feelings of grief or mental suffering on the part of the parents. To the same effect is Mesher v. Osborne, 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917.

3 Sutherland on Damages (Ed. 1883) p. 282, uses the following language:

"It is only for pecuniary injuries that this statutory right of action is given, and neither pain and suffering of the deceased, nor the grief and wounded feelings of his surviving relatives can be taken into account in the estimate of damages."

The same author ([1903 Ed.] p. 3704) says:

"There is almost entire harmony in denying a recovery for mental suffering of the beneficiaries of the deceased, or as a solatium."

"The jury is not authorized to take into consideration the mental suffering of the beneficiaries designated by the statute and award in solatium for the bereavement and grief occasioned by the death, but must give compensation for pecuniary loss only. Such injuries to the sentiments or affections, which are frequently designated sentimental damages, are not capable of measurement." 13 Cyc. 1373, par. 6.

A consideration of the statutes of Oregon, California, and Iowa, which are similar to the Washington statute, and the construction placed upon these statutes by the United States District Court, will shed much light upon the issue here.

In Re California Navigation & Improvement Co. (D. C.) 110 Fed. 670, at page 676, Judge De Haven says:

"This statute does not authorize damages to be given for the suffering of the deceased, nor for grief and sense of bereavement on the part of surviving relatives."

Section 377 of the California Code of Civil Procedure, then under consideration, provides:

"When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or, if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all of the circumstances of the case may be just."

In Holmes, Adm'r, v. Oregon & California Railroad Company, 5 Fed. 523, Judge Deady cites with approval 2 Thompson on Negligence, 1289, § 90, in which the following language is used:

"Under similar statutes of other states, it has been generally held that the rule upon which damages should be assessed in this class of cases is as for a pecuniary injury, and not solatium or solace for feelings of mental suffering."

See, also, Ladd v. Foster et al. (D. C.) 31 Fed. 827; Kelley v. Central Railroad Co. of Iowa (C. C.) 48 Fed. 663.

In the latter case, Judge McCrary, in charging the jury in a damage case, stated:

"In a case of this character you are not to take into account the pain or suffering of the deceased, nor the wounded feelings nor grief of his surviving relatives in fixing the damages. What you are to ascertain and by your verdict decide, if you come to the question, is what, according to the evidence, would have been the probable pecuniary benefit to the estate of the deceased from the continuance of his life."

It is manifest that the measure of damages must be based upon pecuniary injury or loss, and that the motion to strike should be granted.