GEORGE MACDONALD.

*vs.*

POCAHONTAS COAL & FUEL COMPANY, Employer

AND

EMPLOYER'S LIABILITY ASSURANCE CORP., Insurer.

Cumberland.    Opinion March 15, 1921.

*Appellate Court should be called upon to exercise its power of review in cases of continuance, only when the Chairman of the Industrial Accident Commission has abused his discretion. "Dependency" is predicated upon the question of whether the claimants are wholly or partly dependent on the earnings of the employee for support "at the time of the injury." Claimant may be "wholly" or "partially" dependent upon the earnings of the employee for support at the time of the injury. It must be shown not what part of the earnings were paid to the claimant, but what part was actually used by the claimant for actual and lawful support.*

This is an appeal from the decision of the chairman of the Industrial Accident Commission confirmed by a sitting Justice of the Supreme Judicial Court in accordance with the provisions of R. S., Chap. 50, by which decision, compensation at the rate of $9.60 per week for a period of three hundred weeks was awarded the claimant for the death of his minor son, Walter MacDonald.

Walter was injured in the course of his employment on February 24, 1920 and died as a result of his injuries on March 8th following.

The case comes up on the three following acts and rulings of the chairman, by reason of which, the respondents claim they have been aggrieved.

(1)   The chairman, upon his own motion, and against objections continued the hearing of the case after the evidence was in and both parties had rested from April 15, 1920 to April 28, 1920. He therefore failed to observe the mandate of the statute and his decision based on both hearings is void.

(2)   The chairman failed to note the generally recognized meaning of the word "dependent" in defining the claimant "partial dependent."

(3)   The chairman failed to take into consideration, in fixing the amount of compensation, the money paid over to claimant by the deceased for the purchase of and maintenance of an automobile, which claimants admits was not a necessity.   He also failed to take into consideration an excessive charge for repairs on claimant's house.

*Held:*

1.   That it should be only upon the conclusion that his discretion has been abused, that the Appellate Court should be called upon to exercise its power of review in case of a continuance.

2.   That "dependency" must first be defined and then the degree established in case of partial dependency.

3.   That the question of dependency does not rest on the amount the deceased contributed to his father during the past year or two years.

4.   That under the language of the statute, except in the cases specifically defined, "dependency" is predicated upon the question of whether the claimants are wholly or partly dependent on the earnings of the employee for support "at the time of the injury."

5.   That, "the time of the injury," therefore, becomes an important limitation.

6.   That in determining "dependency," it becomes immaterial how much or how little the deceased may have contributed to the claimant in the past. It matters not how dependent the claimant may have been in the past, for the statute upon which his entire right wholly depends requires him to sustain the burden of proof that he was dependent for support "at the time of the injury."

7.   That the claimant may be "wholly or partially dependent upon the earnings of the employee for support at the time of the injury."

8.   That there is sufficient evidence to establish partial dependency.

9.   That, it must be shown, not what part of the earnings were paid to the claimant, but what part was actually used by the claimant for actual and lawful support.

10.   That the appeal be sustained and the decree modified by substituting the sum of $2.91 in place of $9.60 as the weekly compensation awarded.

On appeal by defendant from the decision of the chairman of the Industrial Accident Commission, confirmed by a sitting Justice of the Supreme Judicial Court in accordance with the provisions of R. S., Chap. 50, commonly known as the Workmen's Compensation Act.

Appeal sustained and decree modified.

The case is fully stated in the opinion.

*Samuel L. Bates,* for plaintiff.

*Robert Payson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

SPEAR, J. This is an appeal from the decision of the chairman of the Industrial Accident Commission confirmed by a sitting Justice of the Supreme Judicial Court in accordance with the provisions of R. S., Chap. 50, by which decision, compensation at the rate of $9.60 per week for a period of three hundred weeks was awarded the claimant for the death of his minor son, Walter MacDonald.

Walter was injured in the course of his employment on February 24, 1920 and died as a result of his injuries on March 8th, following.

It may be well in view of the issues raised in this case, to briefly review the method and effect of the procedure in bringing these accident cases before the Law Court.

Section 34, which prescribes the procedure provides, first, that the Justice of the Supreme Judicial Court, sitting as in chancery, shall render a decree in accordance with the finding of the commissioner and notify all parties. This decree is merely perfunctory. The Justice rendering it, passes neither upon the facts nor the law. The effect of the decree and all proceedings in relation to it, are to be the same as though rendered in a suit in equity, duly heard and determined by the court, except there shall be no appeal upon the questions of fact found by the commission or its chairman, nor if the decree is based upon a memorandum of agreement approved by the commission.

Notwithstanding there shall be no appeal upon questions of fact found by the commission or its chairman, and that his decision in the absence of fraud, upon all questions of fact shall be final, our court has, nevertheless held, that the finding of the commission or its chairman upon questions of fact is reviewable upon the appeal to the Law Court, to the extent of ascertaining whether or not there is any palpable evidence upon which the decision can be sustained. *Mailman's Case,* 118 Maine, 172. *Westman's Case,* id., 133.

While the statute was intended by the legislature to submit the final decision of all questions of fact to the commission or its chairman, it is nevertheless obvious, that it equally intended to leave all question of law, raised by the pleadings, subject to the

revision of the Law Court, as it is therein provided, as follows: "Upon any appeal therefrom, the procedure shall be the same as appeals in equity procedure and the Law Court may, after consideration, reverse or modify any decree made by the Justice, based upon an erroneous ruling or finding of law."

The present case comes up on the three following acts and rulings of the chairman, by reason of which, the respondents claim they have been aggrieved.

(1)  The chairman, upon his own motion, and against objection, continued the hearing of the case after the evidence was in and both parties had rested from April 15, 1920 to April 28, 1920.  He, therefore failed to observe the mandate of the statute and his decision based on both hearings is void.

(2)  The chairman failed to note the generally recognized meaning of the word "dependent," in defining the claimant "partially dependent."

(3)  The chairman failed to take into consideration, in fixing the amount of compensation, the money paid over to claimant by the deceased for the purchase and maintenance of an automobile, which claimant admits was not a necessity.  He also failed to take into consideration an excessive charge for repairs on claimant's house.

The respondent claims that the continuance at the volition of the chairman was in contravention of the command of the statute, requiring "a speedy, efficient and inexpensive" method of procedure.

But we are of the opinion that what constitutes a "speedy, efficient and inexpensive procedure" under the statute, is a question of fact addressed to the discretion of the chairman.  It should be only upon the conclusion that his discretion has been abused, that the Appellate Court should be called upon to exercise its power of review.

We discover nothing under the statute, which removes the present case from the application of the rule laid down in *Atkins* v. *Field*, 89 Maine, 281.

The first objection must be overruled.

The second objection regarding the meaning of "dependency" presents a mixed question of law and fact.  Under this objection,

we come to the question as to who are to be adjudicated dependents within the meaning of the Workmen's Compensation Act. We find the definition as to certain persons in Section 1, Paragraph 8, to be as follows: "Dependents," shall mean members of the employee's family or next of kin, who are wholly or partly dependent upon the earnings of the employee for support at the time of the injury." Then the paragraph proceeds to specify those classes which shall be presumed to be wholly dependent for support upon a deceased employee. But the claimant's case does not come within either of these specifications.

After defining the status of those who are conclusively presumed to be wholly dependent, the statute then proceeds further and provides for those who may be partially dependent, and how entire or partial dependency may be ascertained: "In all cases, questions of entire or partial dependency shall be determined in accordance with the fact, as the fact may have been at the time of the injury;" and then proceeds to prescribe in what proportions the compensation shall be divided in case of partial dependency.

Excepting the cases enumerated in the statute, where "dependency" is defined as conclusive, a state of dependency must first be found as a condition precedent to holding the respondent liable for the payment of any sum, whatever, for the support of the claimant; for if there is no dependency, there is no support contemplated by the statute. Dependency, having been found, the statute then proceeds to prescribe a method of determining the degree, as the dependency may be total or partial.

This interpretation is confirmed by the language of Section 12, which provides as follows: "If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the employer shall pay such dependents for a period of three hundred weeks from the date of the injury, a weekly compensation equal to the same proportion of the weekly payments herein provided for the benefit of persons wholly dependent as the amount contributed annually by the employee to such partial dependents, bears to the annual earnings of the deceased, at the time of the injury.

From this quotation, it will be seen that the ratio of the computation, herein prescribed, is predicated upon the premise of "the benefit of persons wholly dependent."

Accordingly, "wholly dependent" must first be defined and then the degree established in case of partial dependency. Dependent is defined as follows:  Webster's Dictionary:

"Relying on, or subject to something else for support; Not able to exist or sustain itself; not self-sustaining.

Worcester's Dictionary:

"Having dependence; deriving support from; relying upon for means of subsistence."

1.   Words & Phrases (New Series) 1299

"For a parent to be 'dependent' on a child for support within Rem. & Bal. Code, Sec. 194, giving dependent parents a right of action for wrongful death of an adult child, it must appear that there is a substantial degree of dependency, need on the part of the parent, and a recognition of it on the part of the child, and an occasional contribution from a son to a parent does not establish a condition of dependency. *Bortle* v. *Northern Pacific Ry. Co.*, 111 Pac., 788, 789, 60 Wash., 552, Ann. Cas., 1912B, 731.  But the statute will not be so strictly construed as to say that it means wholly dependent or that the parent must have no means of support or livelihood other than the deceased.  Neither a father, 46 years old, who has successfully carried on a teaming business, is practically out of debt, and who could probably find employment, except for a depression in business conditions, nor his wife are 'dependent' within the statute.  *Kanton* v. *Kelley*, 118 Pac., 890, 891, 65 Wash., 614 (citing *Bortle* v. *Northern Pac. Ry. Co.*, 111 Pac., 788, 60 Wash., 552, Ann. Cas., 1912B, 731.)"

The chairman of the commission, however, with reference as to what constituted dependency, ruled as follows:  "The question of dependency rests on the amount the deceased contributed to his father during the past year or two years, and therefore his own earning capacity would have to do with, and his condition during the past year."

The finding as the evidence shows, was based upon this ruling. To this ruling a specific objection was taken.  The ruling was clearly wrong.  It ignores the statute with reference to the distinction to be made between the facts necessary to establish the dependency at the time of the injury, in the first instance, and the facts necessary for fixing the amount of compensation to be paid, after a state of dependency has once been found.

Under the language of the statute, except in the cases specifically defined, "dependency" is predicated upon the question of whether the claimants are wholly or partly dependent on the earnings of the employee for support "at the time of the injury." The "time of the injury" therefore, becomes an important limitation.

In determining "dependency," accordingly, it becomes immaterial how much or how little the deceased may have contributed to the claimant in the past. It matters not how dependent the claimant may have been in the past, for the statute upon which his entire right wholly depends requires him to sustain the burden of proof that he was dependent for support "at the time of the injury."

The statute which defines "dependency" repeats in every specification, whether in the case of a wife, husband or child, that it shall be determined in accordance with the fact, as the fact may have been "at the time of the injury," and, hence, admits no interpretation of its clear declaration that "dependency" is based upon the status of the claimant at the time of the injury of the person upon whose death his claim is based.

The second objection must be sustained.

*Walter Murphy's Case,* 218 Mass., 278, cited by the chairman is in no way in conflict with the above conclusions. Dependency was assumed and the only questions stated by the court is "whether the father is entitled to $4.00 a week minimum compensation, or some fraction thereof." The discussions seems to have turned upon whether the amount which Walter earned, should be turned in to the support of the whole family, upon which the court say: "Whether it is wise to distinguish as to the support of the individual members of a family in a case like this, as the insurer suggests, is for the legislature."

The case, therefore, has no bearing upon the time to which the determination of dependency under our statute, at least, must be referred.

Notwithstanding the objections are sustained, the court is nevertheless authorized under the equity powers of the statute to proceed to a determination of the case upon the evidence found in the report.

There are two distinct questions to be considered.

(1) Was the claimant "wholly or partially dependent upon the earnings of the employee for support at the time of the injury?"

(2)  If so, but only if so, what compensation should be awarded under the act as gauged by his contribution to the family support?

Under the first proposition, we think there is sufficient evidence to establish partial dependency.  It will serve no purpose to discuss the evidence in support of this conclusion.  We, therefore, proceed directly to the question as to what compensation should be awarded under the law and the evidence.

This brings us to the distinction between evidence, admissable to prove "dependency" and evidence to show the proportional amount to which the claimant is entitled, when having been found wholly or partially dependent, "at the time of the injury."

In determining the question of dependency, the status of the claimant in society, and his reasonable needs and expectations, should be considered.

Upon this point, the following quotation from *Gherardi* v. *Connecticut Co.*, 103 Atl., 668, is pertinent and reasonable:  "But this much may be said broadly and generally that no one, not belonging to the enumerated classes of persons conclusively presumed to be dependent, is entitled to be regarded as a dependent or partial dependent whose financial resources at his command or within his power to command by the exercise of such efforts on his part as he reasonably ought to exert in view of the existing conditions, are sufficient to sustain himself and family in a manner befitting his class and position in life without being supplemented by the outside assistance which has been received or some measure of it. . . .  But as it is no purpose of the law to give aid and comfort to slackers in respect of their obligations as members of society, so it is that a claim of dependency will meet defeat if it appear that the claimant by the expenditure of such efforts as, under all circumstances, ought fairly and reasonably to be expected of him is of ability to be self and family supporting according to the proper measure of such support."

We think this quotation expresses a sound and reasonable ground upon which the claimant, under the language and spirit of our statute, may be regarded as wholly or partially dependent.

The intent of the statute was not to burden the industries of the State, but as said in *Harry Scott's Case*, 117 Maine, Page 444, "To transfer the burdens resulting from industrial accidents, regardless of who may be at fault, from the individual to the industry and finally distribute it upon society as a whole, by compell-

ing the industry, in which the accident occurs, through the employer, to contribute to the support of those who are actually and lawfully dependent upon the deceased for their sustenance during his lifetime."

From this quotation, it will be seen that the purpose of the distribution, authorized by the statute was to aid those "actually and lawfully dependent" and not for the purpose of enabling a claimant to live in a manner inconsistent with his position in life, his method of living and his earnings.

The claimant, according to the spirit and purpose of this statute, must show that he was actually and lawfully dependent or partially dependent, as the case may be, and unable to support his family, without assistance at the time of the injury of the person upon whose earnings he relies.

Applying these rules to the case at bar, we come to the following state of facts, with respect to the use the claimant was making of his money at the time his son was injured: (1) He owned an equity in a house, the exact value of which is not given, but which is in the neighborhood of $800. This is too great to be ignored. (2) During the last year he "painted and papered inside of the house and painted part of the outside. Painted the inside from top to bottom." (3) His daughter took music lessons each week costing $52 per year, exclusive of car fares. (4) Claimant went to town two or three nights a week for amusements. (5) Claimant's wife went to town a couple of nights a week for amusements. (6) Claimant bought an automobile for which he paid $200 down, and was obligated to a payment of $40 per month, and admits that such automobile was not necessary. The buying of this automobile was a part of the arrangement under which deceased turned over his earnings to the family purse.

The plaintiff's property rights and the uses which he was making of his money at the time of his son's death as above expressed, we think are fairly and reasonably deducible from the testimony.

In determining the amount of compensation under the above conclusions of fact, the respondents do not argue the matter of the music lessons and trips to town for amusement and $200 paid on the auto, but are content to leave these matters to the judgment of the court. As suggested by defendant's counsel, these items may be more valuable in their bearing upon the extent of partial dependency than in fixing the amount of compensation.

For the purposes of this case and without intent to make a precedent in any other case, we omit the determination of whether or not music lessons and amusements come within the meaning of the word "support" as used in the statute.

The respondents, however, do strenuously contend that the allowance of $250 for paint and repairs on the claimant's house is excessive and cannot be considered as a contribution to support, upon which the claimant was "actually and lawfully dependent." They contend as follows: "This is 16 2-3% of the value of the house ($1500) as given in the printed case. Such a percentage should cover taxes, repairs and a reasonable return on the investment, and we submit is altogether too much to charge to repairs alone. Take 10% as a fair annual outlay for repairs, and we believe this is liberal, we should have a saving in this item of $100 per year or $1.92 per week.

Ignoring the amount already paid in on the automobile, but considering the $40 per month due thereon, we have a weekly charge of $9.32 for this item, without considering in any way the cost of maintenance of the automobile. Spending money, or $2 per week, has already been deducted."

We are of the opinion that the above contentions are sound and should be sustained.

The sum of these items is $13.15, and therefore of the $18 paid in weekly by the son, the father was actually receiving $4.85 of it towards his support. Upon this basis, this compensation should therefore be 485-1800 of what a person wholly dependent upon the deceased would have received. Such a person would have received $10.80 per week and so the claimant in this case is entitled to receive $2.91 per week instead of $9.60 as allowed.

It will be noted by reading Paragraph 8 of Section 1, that the dependents are those who are "dependent upon the earnings of the employee." Therefore, it must be shown, not what part of the earnings were paid to the claimant, but what part was actually used by the claimant for actual and lawful support.

> *Appealed sustained.*
> *Decree modified by substituting the*
> *sum of $2.91 in place of $9.60 as*
> *the weekly compensation awarded.*