[No. 25479. Department One. September 3, 1935.]

R. H. MITCHELL, *as Administrator, Respondent and Cross-appellant,* v. R. G. RICE, *Appellant,* JANE DOE RICE *et al., Defendants.*[1]

[1] Reported in 48 P. (2d) 949.

*Ballinger, Hutson & Boldt,* for appellant.

*Ray M. Wardall* and *John J. Kennett,* for respondent and cross-appellant.

GERAGHTY, J.—This action was brought by the plaintiff as administrator of the estate of his adult son, Hampton H. Mitchell, to recover for the death of the son resulting from a collision between a motorcycle driven by him and an automobile driven by defendant Rice.

The plaintiff, alleging dependency upon the son, sued upon two causes of action; the first cause, based upon Rem. Rev. Stat., § 194 [P. C. § 8275], was for the injuries, pain, suffering and expense of the decedent prior to his death; the second, based upon Rem. Rev. Stat., §§ 183 and 183-1 [P. C. §§ 8259 and 8260], was for the financial loss suffered by the father through the son's death. The case was tried to the court and jury, and a verdict was returned by the jury as follows:

"We, the jury in the above entitled cause, do find for the plaintiff on the first cause of action in the sum of ($3,500.00); on the second cause of action in the sum of ($ none)."

The defendant moved for judgment notwithstanding the verdict upon both causes of action and, in the alternative, for a new trial upon the first cause. Plaintiff moved for a new trial upon the second cause. The court set the verdict aside and ordered a new trial upon both causes. The defendant appeals from that part of the order denying his motion for judgment notwithstanding the verdict and granting a new trial on the second cause of action; the plaintiff cross-appeals from that part of the order granting a new trial upon the first cause of action. While both parties appeal, the defendant will be referred to as appellant and the plaintiff as respondent.

The appellant's chief contention is that the respondent did not make a case for submission to the jury upon the issue of dependency.

Rem. Rev. Stat., § 194 [P. C. § 8275], upon which the first cause of action was based, is as follows:

"No. action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such wife, or in favor of the wife and children, or if no wife, in favor of such child or children, or if no wife or child or children, then in favor of his parents, sisters or minor brothers who may be dependent upon him for support, and resident in the United States at the time of his death."

Rem. Rev. Stat., §§ 183 and 183-1 [P. C. §§ 8259 and 8260], upon which the second cause of action was based, are as follows:

"§ 183. When the death of a person is caused by the wrongful act, neglect or default of another, his per-

sonal representative may maintain an action for damages against the person causing the death; and although the death shall have been caused under such circumstances as amount, in law, to a felony."

"§ 183-1. Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or minor brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death. In every such action the jury may give such damages as, under all circumstances of the case, may to them seem just."

To sustain a recovery upon either cause of action, it was necessary for the respondent to establish that he was, at the time of his son's death, substantially dependent upon him for support, and also that this dependence was recognized by the son by contributions to his father's support, not merely by way of casual gifts from a son to a father, but in recognition of the father's dependency.

The father was fifty-nine years of age at the time of the son's death. At that time, he had a small store in Seattle, in which, as he testified, the daily sales varied from five dollars up to twelve dollars. His mark-up was fifteen per cent, so that on the highest daily sale his gross profits would not amount to more than $1.80, out of which the expenses, including twenty-five dollars a month rent, would have to be paid. There could have been no substantial sum left from the earnings of the store for his own living. Shortly after the son's death, the store was sold for ten hundred and fifty dollars cash, making an apparent profit of five hundred and fifty dollars over the price he had paid for it. He had conducted small stores for several years and appears to have bought and sold several.

In addition to the store, he had an equity in three houses in Seattle. These houses were subject to encumbrances and were rented only intermittently. One of them was vacant at the time of the son's death; one was rented for $16.50 and the other for $17.50. The rentals were required to carry the encumbrances and pay taxes upon the properties.

Respondent's wife had left him some six years before, taking with her a daughter, their only other child. The son lived with the father for three years after the mother left. Thereafter until his death, he lived with an aunt who kept a boarding house. She testified that she had him with her in order that he might have enough to eat and a place to sleep, and that she did not know what his earnings were. She said, "His employment while he lived with me was hit and miss." At the time of his death, he was working as a messenger, and he had done other jobs. His employment apparently was intermittent. The respondent testified that, for a year and a half preceding his death, the son earned not less than thirty-five dollars in any one month, and that his maximum earnings in any one month of that period were around probably seventy-five dollars per month.

He introduced in evidence a book kept by him in which he had noted various sums of money given him by the son covering the period from April, 1931, to the time of the son's death in August, 1933. This book showed that the son had given his father $474.50. These sums were generally in small items ranging from one dollar up.

Upon the evidence, the court held that there was a sufficient *prima facie* showing of dependency to carry the case to the jury under the rule that, upon a motion for judgment notwithstanding the verdict, the testimony is to be viewed in the aspect most favorable to

the plaintiff. We agree with this conclusion of the trial court. Considering the circumstances of the times and the depressed condition of real estate, the respondent's ownership of three encumbered residence properties is not to be taken as conclusive evidence of financial independence.

The appellant questions the account book introduced by respondent, but that was for the jury. The court instructed the jury upon the issue of dependency in the language of *Bortle v. Northern Pac. R. Co.*, 60 Wash. 552, 111 Pac. 788, Ann. Cas. 1912B 731, to which no exception was taken by either party, and the verdict was returned by the jury under this admonition.

It may be conceded that the facts make this a borderline case, as tested by the rule announced by us in *Bortle v. Northern Pac. R. Co.*, *supra; Kanton v. Kelly*, 65 Wash. 614, 118 Pac. 890, 121 Pac. 833; and *Grant v. Libby, McNeill & Libby*, 145 Wash. 31, 258 Pac. 842.

In reviewing the action of a trial court, it is not our function to determine the preponderance of the evidence, but rather to determine whether there was enough evidence to carry the case to the jury on the question of dependency, resolving all doubt upon the facts in favor of the plaintiff. The degree of dependency required by the rule announced in the cases cited above is to be substantial. But "substantial" is a term having relation to the circumstances of the plaintiff. Also, we must not lose sight of the fact that the statute upon which the right of action is based is remedial in character. It creates a right of action not existing at common law and should not, in its application, be so limited by construction as to partially defeat its purpose.

Appellant contends that the jury's failure to allow damages upon the second cause of action

amounts to a special finding of nondependency controlling both causes; and that, therefore, his motion for judgment notwithstanding the verdict should have been granted.

It may be conceded that the verdict of the jury was inconsistent, but we are unable to follow appellant's reasoning that the finding on the second cause should control the first. It could with equal reason be argued that the finding on the first cause should control the second. The trial court assigned no reason for granting a new trial. It might very well have based its order upon the inconsistency of the verdict.

This brings us to a consideration of the error upon which respondent bases his cross-appeal,—the granting of a new trial upon the first cause of action.

Apart from the general rule that, where the court has granted a new trial without assigning any specific cause, its order will generally not be reversed on appeal because of the wide discretion necessarily lodged in the trial court, we think the issue in this case is controlled by *Maddock v. McNiven,* 139 Wash. 412, 247 Pac. 467. That case involved the trial of consolidated actions, one brought under Rem. Rev. Stat., § 194 [P. C. § 8275], and the other under Rem. Rev. Stat., §§ 183 and 183-1 [P. C. §§ 8259 and 8260]. That case differs from this only in the fact that the issue common to both causes there consolidated was negligence, while here it is dependency. The jury returned a verdict favorable to the plaintiff in the action based upon §§ 183 and 183-1, and in favor of the defendant in the action based upon § 194, although it appeared from the evidence that the decedent had lived for some time after the injury furnishing legal ground for a recovery. The plaintiff's motion for a new trial in both actions, upon the ground of inconsistency in the verdicts,

was granted by the trial court. In passing upon the order granting a new trial, we said:

"It must be remembered that both cases were tried by the same jurors, and the same evidence on the question of negligence and liability was presented in each case. The jury, in finding for respondents in the first case, must have found that the injury resulted from the negligence of the appellants. Inasmuch as it refused to find anything for the plaintiffs in the second case, which rested upon identically the same testimony with reference to negligence as was before the jury in the first case, and inasmuch as the testimony is undisputed that the deceased lived several days after her injury and suffered pain during at least a part of that time, it is difficult to reconcile the two verdicts. If that in the first case is right, then that in the second case would seem to be wrong; and *vice versa*. It is probable that the trial court was no more able to reconcile these two verdicts than we have been, and, since the same jury brought in both verdicts, it would seem that there is such inconsistency as that the trial court was justified in believing that there was something wrong —a mistake somewhere—and that there had not been a fair trial in one or the other of the cases; which one it would, of course, be impossible for the court to determine."

We think the trial court did not abuse its discretion in granting a new trial upon both causes of action, and the order is therefore affirmed.

BEALS, TOLMAN, and MAIN, JJ., concur.