[No. 27271. Department One. August 17, 1939.]

MRS. WILLIAM COOK, *as Administratrix, Respondent,* v. JOHN W. RAFFERTY *et al., Appellants.*

DIXON MURPHY, *Respondent,* v. JOHN W. RAFFERTY *et al., Appellants.*[1]

[1]Reported in 93 P. (2d) 376.

*Newman H. Clark* and *Leo J. Brand,* for appellants.

*McMicken, Rupp & Schweppe, Bernard Reiter,* and *Frank M. Preston,* for respondents.

ROBINSON, J.—The collision out of which these actions arose occurred on the Pacific highway between Tacoma and Olympia, about a mile and a half south of the entrance to Fort Lewis. Dixon Murphy, plaintiff in one of the suits, was driving his father's car south toward Olympia. Mrs. Wilma Whitner, one of the defendants, was driving her father's car north toward Seattle. There are two parallel strips of pavement, each eighteen feet wide, with a four foot gravel or dirt strip between them. The pavement was covered

with a thin coating of ice, and the Whitner car skidded from the east strip of pavement across the dirt or gravel strip to the west side of the west strip of pavement in front of the oncoming Murphy car, turning completely around two and a half times before the collision occurred. Miss Cora Cook, a passenger in the car that was being driven by Dixon Murphy, received injuries from which she died two months later. The gasoline tank of the Whitner car was punctured and the car was enveloped in flames, but its occupants were not seriously injured.

Mrs. Cook, administratrix of the estate of Cora Cook, deceased, brought suit against Mrs. Whitner and her parents, the Raffertys, who owned the car which she was driving, to recover damages for Miss Cook's alleged wrongful death. Dixon Murphy also brought suit against the same defendants to recover damages for personal injuries received by him and damages to his father's car. Mrs. Whitner counterclaimed against Murphy, and the Raffertys also counterclaimed against him for damages to their car. The two suits were tried together before the court, sitting without a jury. The court entered findings, conclusions, and judgment for the plaintiffs in each suit, and dismissed the counterclaims against Murphy. The causes were consolidated on appeal.

Appellants contend that the skidding of the Whitner car was not due to any negligence on the part of Mrs. Whitner; and that the driver of the Murphy car was negligent in the operation of the car, and that his negligence was the sole, proximate cause of the collision.

While it is true that the mere skidding of a car is not necessarily evidence of negligence (*Wilson v. Congdon,* 179 Wash. 400, 37 P. (2d) 892), it is a circumstance which may be taken into consideration in connection with all of the facts and circumstances of

the case in determining whether or not the driver of the car was guilty of negligence.

While Mrs. Whitner and Mrs. Doris Bates, who was a passenger with her in the car, testified that Mrs. Whitner was driving at only twenty-five miles an hour, the court was not bound to accept their testimony. The fact that the car turned completely around two and a half times on a straight highway that was practically level, the grade being but 0.122 per cent, a drop of a little more than one foot in a thousand feet, and crossed a four foot dirt or gravel strip and passed over to the extreme west side of the west eighteen foot pavement, indicates that the driver of the car was at fault, and we think that, under all the facts and circumstances, the court was justified in so finding. It had been snowing, but was not snowing at the time of the accident. There was snow on either side of the highway and on the dirt strip between the two pavements. Mrs. Whitner testified that she was not aware of the ice on the pavement until the car began to skid, but other witnesses, called by the defendants themselves, testified that there was ice on the highway for some distance south of that point.

Although mere skidding is not necessarily evidence of negligence, where a car traveling on a highway such as this skids from one of the strips of pavement across a four foot dirt or gravel strip onto the other strip of pavement, the burden is on the driver of that car to show that he was not negligent. *Weaver v. Windust,* 195 Wash. 240, 80 P. (2d) 766. That burden has not been met in this case. The trial judge, in orally giving his opinion, said:

"I am satisfied that the icy condition of the pavement existed for a sufficient space and for a sufficient distance to put anyone on warning that they were driving on a dangerous surface. The Bowers testified that they noticed it the moment they came down into that part

238

of the road, where it is divided. Mrs. Whitner testified that she didn't notice it, but Mrs. Bates admitted that she did; so there was a quarter to a half a mile, I am satisfied, of icy pavement, which should have put Mrs. Whitner upon warning that the surface was such that she must proceed with extreme care.

"Now, she proceeds apparently with what she considered due care, but at a rate which caused the car not merely to skid, but to go into a double if not a triple circular skid, where it executed I gather two and a half complete circles, and ended up clear over on the west strip after having crossed this dirt or gravel strip between the two strips of paving.

"It seems to me that, while a skidding case cannot be considered a case of *res ipsa loquitur*, it seems to me that in connection with the warning of the icy surface, that fact that the car did go into an icy skid, of that duration and of that many revolutions, is sufficient evidence to outweigh the effect of the testimony of the defense witnesses."

We think that these views of the trial court are supported by the evidence.

■ The driver of the Murphy car testified that he was driving at between thirty and thirty-five miles an hour; that he saw the Whitner car when it commenced to spin; and that it was approximately two hundred feet from him at that time. He further testified that he immediately applied his brakes, and that the Whitner car covered more of the two hundred feet than he did. We do not think that the evidence shows that the driver of the Murphy car was guilty of contributory negligence or negligence that proximately caused the accident.

■ Appellants contend that the parents of Mrs. Whitner are not liable. The evidence shows that Mrs. Whitner was an adult daughter of Mr. and Mrs. Rafferty; that her husband died in 1933; and that, since then, she has resided with her parents as a member of

their household. She paid for her room and board, but the evidence shows that she was treated as a member of the family, and that her parents permitted her to use the car freely and on many occasions. Under these circumstances, we think that the parents were liable under the "family purpose doctrine," which has been the settled law of this state since the decision in *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59, in 1913. The reasons why the court has so steadily adhered to the doctrine have recently been restated in *Werker v. Knox,* 197 Wash. 453, 85 P. (2d) 1041.

■ Appellants also contend that the parents of Miss Cook were not dependent upon her for support; and that, therefore, there can be no recovery by them. The evidence shows that Miss Cook was a daughter of a deceased sister of Mrs. Cook. She was adopted by the Cooks when she was ten years of age, shortly after the death of her mother, and was twenty-one years of age at the time of the accident. She had attended the College of Puget Sound and the University of Washington, and, after leaving the University, had attended a business college. Mr. and Mrs. Cook and a sister of Mrs. Cook who resided in the East paid the expenses of her tuition. At the time of the accident, she was earning between seventy-five and ninety dollars a month as a stenographer. She lived with her parents, and, although she did not pay any regular amount for room and board, she contributed to the expenses of the household.

Mr. Cook was an invalid, and had been unable to work for ten or twelve years. Mrs. Cook was unemployed. A sister of Mrs. Cook, who resided in the East, for several years had been sending her money, approximately seventy dollars a month, for her support. It appears that these payments were entirely voluntary,

and that they were reduced somewhat after Miss Cook obtained permanent employment.

Under the facts, we think it is reasonable to suppose that, had Miss Cook lived, she would have continued to contribute to the support of the family and continued to care for her parents, and to conclude that Mr. and Mrs. Cook suffered a pecuniary loss by reason of her death. It is established in this state that parents of an adult son need not be wholly dependent upon him for support in order to recover damages for his wrongful death. Partial dependency is sufficient. *Mitchell v. Rice*, 183 Wash. 402, 48 P. (2d) 949. The rule as to an adult daughter must be the same.

Rem. Rev. Stat., §§ 183, 183-1, and 194 [P. C. §§ 8259, 8260, 8275], being remedial in their nature, are liberally construed. We think that there was a showing of need, on the one hand, and a financial recognition of it, on the other, within the spirit and meaning of such decisions as *Bortle v. Northern Pac. R. Co.*, 60 Wash. 552, 111 Pac. 788, Ann. Cas. 1912B, 731, and *Grant v. Libby, McNeill & Libby*, 145 Wash. 31, 258 Pac. 842, and that the rather modest allowance of one thousand dollars should be sustained.

The judgments appealed from are affirmed.

BLAKE, C. J., STEINERT, JEFFERS, and MAIN, JJ., concur.