ELEANOR V. O'BRIEN, Respondent, *v.* ISAAC MOSS, Appellant.
JOHN J. O'BRIEN, Respondent, *v.* ISAAC MOSS, Appellant.

Fourth Department, May 4, 1927.

**Motor vehicles — action for injuries to wife of driver of automobile — no evidence of any physical injuries to wife — damages cannot be recovered for pain and suffering from miscarriage caused by fright.**

These actions are to recover damages for injuries alleged to have been suffered by the plaintiff in the first action, the wife of the plaintiff in the second action. The defendant's truck backed into the automobile in which plaintiffs were riding. The evidence does not show that the wife received any physical injuries whatsoever but merely tends to show that she was badly frightened by the accident. A judgment in favor of the plaintiffs based upon the wife's pain and suffering resulting from a miscarriage cannot be sustained in the absence of any evidence of physical injury.

APPEAL in each of the above-entitled actions by the defendant, Isaac Moss, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on

the 19th day of October, 1926, upon the verdict of a jury for $775 in the first above-entitled action, and for $350 in the second above-entitled action, and also from an order entered in said clerk's office on the 25th day of October, 1926, in each action, denying defendant's motion for a new trial made upon the minutes.

*Harold J. Adams* [*Edmund S. Brown* of counsel], for the appellant.

*Sumner & Panzarella* [*W. Bartlett Sumner* of counsel], for the respondents.

Per Curiam. On January 31, 1925, plaintiff Eleanor V. O'Brien was a passenger in an automobile owned and operated by her husband, the plaintiff John J. O'Brien. She and her husband have both recovered judgments against the defendant for physical injuries claimed to have been caused the wife by a collision between the O'Brien automobile and a truck which it is claimed backed suddenly off a curb and against the front of the O'Brien automobile in the village of La Salle, N. Y. The difficult question confronting the respondents is this: "Was the physical condition of plaintiff Eleanor V. O'Brien following January 31, 1925, due to the collision?" The only testimony indicating at all the severity of the impact is that of the plaintiff John J. O'Brien that the truck "come shooting down; * * * came right down * * *, because he gave the chassis a good bump." Plaintiff Eleanor V. O'Brien testified that she "thought we were going to be crushed and I was badly frightened. * * * It hit the side — front of the car and I really didn't do anything." She further said that she saw the truck come back and thought that frightened her.

This is all the record shows as to the seriousness of the collision. There is no testimony that plaintiff Eleanor was thrown at all, or bruised or even jarred. There is nothing more than that she was frightened by what she saw impending. The record is entirely devoid of proof of any physical injury to which her later sufferings and experiences can be traced. Fright alone, neither preceded, accompanied nor followed by any sort of actual physical molestation, will not support an action for damages resulting from negligence. (*Mitchell* v. *Rochester R. Co.*, 151 N. Y. 107.)

*Mundy* v. *Levy Bros. Realty Co.* (184 App. Div. 467) illustrates physical disturbance preceding fright and *Cohn* v. *Ansonia Realty Co.* (162 id. 791), the opposite.

In the charge to the jury the only reference made to physical injury caused to plaintiff Eleanor by the collision, which might have justified a verdict for damages, was as follows: "The wife has only one basis for recovery, pain and suffering. She claims that by reason of it, when she saw this collision was almost sure to

happen, that it frightened her and produced this miscarriage and its attendant painful sufferings. * * * Mr. Brown: I ask the court to charge that if the miscarriage was caused solely by the fright that there can be no recovery. The Court: No. If the fright is caused by the apprehension of the accident, I don't think I can charge that, Mr. Brown. Mr. Brown: I take an exception."

This instruction allowed the jury to find a verdict for plaintiffs upon inadequate proof that the collision was a proximate cause of the pain, suffering and incapacitation claimed to have been experienced by Mrs. O'Brien. This charge and the lack of proof indicated require a reversal of the judgment appealed from on the law and facts and the granting of a new trial, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

In each case: Judgment and order reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.