WALTER ADAMS, Plaintiff, *v.* HARRY T. MANGURIAN, INC., Defendant.

Supreme Court, Special Term, Monroe County, December 11, 1953.

*Heath & Heath* for plaintiff.

*Nixon, Hargrave, Devans & Dey* for defendant.

J. C. O'Brien, J.   The complaint charges that Marguerite Adams, the wife of the plaintiff, Walter Adams, fell on March 16, 1953, while she was descending a stairway in defendant's department store in the city of Rochester, New York.   It is alleged that this fall and physical injuries which she sustained as a result of it were caused by negligence on the part of the defendant.   In his first cause of action the plaintiff herein alleges these facts and demands compensation for loss of his wife's services and for medical and nursing expenses resulting from the injury.   This cause of action is not attacked.

The second cause of action alleges that as a result of his wife's injury caused by the negligence of the defendant, the plaintiff has suffered a recurrence of a nervous condition from which he had previously suffered and which apparently for some time had been dormant.   Defendant contends that the second cause of action is insufficient and moves for its dismissal.

We have come to the conclusion that the defendant is correct and that the motion to dismiss the second cause of action must be granted.   While there is some scant authority in support of the plaintiff's contention (see *Bailey* v. *Long,* 172 N. C. 661), the great weight of authority is to the contrary (25 C. J. S., Damages, § 67).

In *Drinkard* v. *Anderton* (280 S. W. 1076 [Tex.]), a tenant who was wrongfully evicted was not permitted to recover for the humiliation and mental suffering which he endured by reason of the suffering of his children.

In *Knox* v. *Allen* (4 La. App. 223), a mother was not permitted to recover for mental suffering, humiliation and disgrace suffered by her as a result of an assault upon her child.

In *O'Brien* v. *Moss* (220 App. Div. 464), it was held that the plaintiff who was a passenger in a car which collided with the defendant's truck, would not be permitted to recover damages on account 'of fright alone, without physical injury.   (See, also, *Mitchell* v. *Rochester Ry. Co.,* 151 N. Y. 107).

In *Spade* v. *Lynn & Boston R. R.* (168 Mass. 285, 172 Mass. 488), recovery was denied.   Plaintiff, a woman, was a passenger on the defendant railroad and claimed damages for physical injuries which were caused solely by fright and excitement due to her witnessing the eviction of a disorderly passenger from the train.

In *Comstock* v. *Wilson* (257 N. Y. 231), many of the authorities relating to damages recoverable, or not recoverable, on account of fright, accompanied by physical injuries, have been collected, analyzed and discussed.

In *Fiorello* v. *New York Prot. Episcopal City Mission Soc.* (217 App. Div. 510), parents sued the defendant for wrongfully causing the death of their infant child and for invasion of the right of sepulture. They included in their complaint, as an element of damage, the mental anguish which they suffered by reason of the child's injuries and illness. The court said at page 514: "The parent's rights in an action for injuries to the child are restricted to an action for the loss of the child's services and for medical attendance and expenses. *Mental suffering caused by the child's illness is not recoverable.*" (Emphasis supplied.)

An order may be submitted, dismissing for insufficiency the second cause of action alleged in the complaint, with $10 costs, to abide the event.