G-. Bobert Wither, J.
Defendants Wade have moved for an order (a) dismissing the second cause of action of the complaint herein for failure to state facts sufficient to constitute a cause of action in that plaintiff does not allege freedom from contributory negligence on the part of Ms testator, and (b) striking out allegations in paragraph 7 of the first cause of action that defendants’ conduct frightened plaintiff.
The second cause of action is brought under section 120 of the Decedent Estate Law to recover damages for the pain and suffering caused by defendants to plaintiff’s testator prior to his death. The moving defendants contend that the cause of action is insufficient for lack of allegation that plaintiff’s testator was free from contributory negligence. They rely upon Nilson v. Oppenheimer (260 App. Div. 670, affd. 285 N. Y. 824) and Lappin v. National Container Corp. (179 Misc. 109, 113-114). The answer to this contention is that after those cases arose the law was amended by adding the following: “ On the trial of any such action which is joined with an action for caus *452 ing death the contributory negligence of the deceased person shall be a defense, to be pleaded and proven by the defendant.” (Decedent Estate Law § 119, as amd. by L. 1941, ch. 897, eft. Sept. 1,1941.)
Defendants further contend, however, that said section as amended is unconstitutional because it gives a benefit to persons who are injured and thereafter die as a result of such injuries which is not given to persons who are injured and before trial die not as a result of such injuries. (See Hansen v. City of New York, 274 App. Div. 196, affd, 299 N. Y. 136.)
No serious constitutional question exists in this regard. In respect of negligence actions for damages for pain and suffering and for causing wrongful death the Legislature, in its wisdom and as a matter of policy, has removed the burden of proving freedom from contributory negligence from a plaintiff’s representative whose decedent died as the result of the accident. It is true that the estate of a person who is injured and before trial dies from some other cause has a greater burden, that is, to prove freedom from contributory negligence. There is, however, no more discrimination with respect to the cause of action for pain and suffering than there is with respect to the cause of action for wrongful death, and concerning the latter, movants make no objection. The Legislature has the power to classify legal rights and to make different provisions with respect to causes of action growing out of negligence and resulting in death from such causes of action not resulting in death. All persons similarly situated are treated alike. The provision is, therefore, constitutional. (See People v. Beakes Dairy Co., 222 N. Y. 416, 429; Matter of Gianatasio v. Kaplan, 142 Misc. 611, 615, affd. 257 N. Y. 531, appeal dismissed 284 U. S. 595; Lapolla v. Board of Educ. of City of N. Y., 172 Misc. 364, affd. 258 App. Div. 781, affd. .282 N. Y. 674.) Defendants’ argument should be addressed to the Legislature instead of the court.
This portion of the motion is, therefore, denied.
Plaintiff alleges that while his testator was crossing Main Street in the city of Canandaigua in the late afternoon of November 26, 1955, two automobiles, one owned and operated by the defendants Wade and the other owned and operated by the defendants Carey, drove toward Mm at an excessive rate of speed and in negligent manner. In paragraph 7 of the first cause of action plaintiff alleges upon information and belief that his testator was struck “ by either or both of the veMcles of the defendants.” The moving defendants ask the court to strike certain allegations immediately following the above- *453 quoted words, to wit: “or was caused to be frightened and disoriented by said vehicles and that plaintiff’s testate was caused to sustain certain severe and numerous injuries rendering him unable to move from a place of danger upon the pavement at said North Main Street which said street is heavily traveled by automobiles; that plaintiff’s testate was rendered unconscious and immobile on a busy highway under conditions of darkness, a light snow falling and a wet pavement which was dark in color
Defendants’ contention is that the quoted allegations are based upon an assumed right to sue for damages resulting from fright, that there is no such cause of action in this State (Mitchell v. Rochester Ry. Co., 151 N. Y. 107; O’Brien v. Moss, 220 App. Div. 464; Adams v. Harry T. Mangurian, Inc., 204 Misc. 890), and hence that said allegations should be stricken from the complaint. The rule relied upon by the defendants is limited to cases where there has been no contact or battery of the plaintiff whatever (Comstock v. Wilson, 257 N. Y. 231; Sawyer v. Dougherty, 286 App. Div. 1061, motion for leave to appeal denied 309 N. Y. 1032). It was laid down as a matter of policy because of ‘1 the practical consideration that where there has been no physical contact there is danger that fictitious claims may be fabricated.” (Comstock v. Wilson, supra, p. 239.) In the case at bar, reading the complaint most favorably to the plaintiff, it is alleged that one or both of defendants’ automobiles struck plaintiff’s testator, and that he was rendered unconscious upon the highway, so that he was later struck again by a third automobile, whose owner is not a party hereto. Since it is alleged that plaintiff’s testator was injured by at least one of the defendants’ automobiles and that both drivers negligently caused the testator to be struck, there is involved merely a matter of causation. The allegations that plaintiff’s testator was frightened and disoriented by the negligent manner in which defendants operated their automobiles are made to establish causal relation between defendants’ conduct and plaintiff’s testator’s injury. Although the allegations may not be in the most artistic form they are sufficient for the purpose and sufficient to withstand this motion (LaRue v. Tiernan, 285 N. Y. 550, affg. 260 App. Div. 337; Mullaney v. Blasso, 264 N. Y. 577; Quelch v. Miller, 261 N. Y. 600; Hancock v. Steber, 208 App. Div. 455).
The motion to strike, therefore, is also denied.
Submit order accordingly.