### (June 6, 1968)

■ In the Matter of HADASSAH R. SHAPIRO.— Motion for reinstatement to the Bar granted, pursuant to section 90 of the Judiciary Law. Respondent will be reinstated upon taking the appropriate oath. Concur — Steuer, J. P., Capozzoli, Tilzer, McGivern and Rabin, JJ.

■ In the Matter of JOHN J. MURRAY, JR., an Attorney.— Respondent suspended indefinitely until the further order of this court. Concur — Botein, P. J., Stevens, Eager, Steuer and Tilzer, JJ.

### (June 11, 1968)

■ STANLEY M. ESTROW, as Administrator of the Estate of BARBARA E. ESTROW, Deceased, Respondent, v. JOHN J. WILSON et al., Appellants, et al., Defendants.— Orders entered September 14, 1967 and December 13, 1967, unanimously reversed, on the law and in the exercise of discretion, without costs to any party, but with disbursements on the appeal to plaintiff as against defendants. Treating the motion upon which the latter order was based as a motion for renewal, and as such appealable (Matter of Rand, 273 App. Div. 859), the ninth and tenth causes of action are stricken. Both such causes request punitive damages, contra to sections 119 and 132 of the Decedent Estate Law, which were in effect at the time of the collision here involved, and wherein such damages are either prohibited or not provided for. Similarly, the complained of prejudicial matter in subdivision (j) and (k) in paragraph 23 of the second cause of action, is also stricken, with the guarded observation however, that under certain circumstances and for a limited purpose, such references, may become admissible during the course of a trial. But they have no place in a complaint. Disbursements are allocated as above because during oral argument certain strictures were directed to the attorneys for the defendants in particular and to attorneys for insurance companies in general, vis-a-vis a lack of meticulousness in the preparation of papers. For example, in the papers before us, the notice of appeal asks us " to strike a judicial [sic] matter from the complaint ". The notice of motion for reargument is a misnomer; being based on additional grounds, it is a motion for renewal. (See Tripp, A Guide to Motion Practice, Cumulative Supplement, 1955–1962, §§ 13, 14.) And although the original notice of motion only asked for dismissal of the ninth cause of action, the subsequent notice of motion for reargument does not request the dismissal of the tenth cause of action. That is requested, for the first time, in the affirmation supporting the motion, although this document is erroneously labelled as one read in opposition [sic] to the motion. Such slovenly practices are, unfortunately, not uncommon; instances coming before this court are multiplying. Appellate counsel not infrequently have been forced to admit this condition and apologize for it. The attention of the insurance bar is adverted to the situation with the caveat that continued carelessness may result in the loss of rights. Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.