**Madeline ERIA, Individually and as Administratrix of the Goods, Chattels and Credits which were of Vincent M. Eria, Deceased, Plaintiff,**

v.

**TEXAS EASTERN TRANSMISSION CORP. et al., Defendants.**

**No. 73–C–668.**

United States District Court,
E. D. New York.

June 19, 1974.

Harry H. Lipsig, New York City, for plaintiff.

Mendes & Mount, New York City, for defendants Texas Eastern Transmission and Texas Eastern Cryogenics, Inc.

Commettee, Quencer & Annunziata, New York City, for defendant Brown & Root.

Rivkin, Leff & Sherman, Freeport, N. Y., for defendant Dow Chemical.

Townley, Updike, Carter & Rodgers, New York City, for defendant E. I. DuPont DeNemours.

Bigham Englar Jones & Houston, New York City, for defendant Battelle Memorial Institute.

Berman & Frost, New York City, for defendant G. T. Schjeldahl.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

This is an action for conscious pain and suffering, breach of warranty, and wrongful death arising out of the explosion of a large gas tank on Staten Island, New York on February 10, 1973 which killed forty men. As of the time of the filing of this opinion thirty three separate actions have been filed and consolidated. Three plaintiffs, on behalf of the others for purposes of this motion, have moved for leave to amend their complaints to add a claim for punitive damages to the causes of action based on wrongful death. The defendants oppose the motion on the ground that punitive damages are not provided for in the New York statute authorizing wrongful death actions, Estates, Powers and Trust Law (E.P.T.L.) § 5–4.3.

■ While it is true that leave to amend a pleading is usually freely given, Federal Rule of Civil Procedure 15(a), if the amended pleading could be defeated by a motion for summary judgment, to grant leave to amend would be a futile gesture. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); 3 Moore, Federal Practice (2d ed. 1948) ¶ 15.08[4]. Accordingly the court will proceed to a determination of the merits of the question. The legal sufficiency of the proposed amendment will guide the court in determining the efficacy of granting leave.

■ Whether punitive damages are allowable in wrongful death actions is a question which must be determined by a review of New York law, as all parties agree. Givens v. W. T. Grant Company, 457 F.2d 612 (2d Cir. 1972); 1A Moore, Federal Practice (2d ed. 1948) ¶ 0.310, n. 18. Under New York law two kinds of actions may be brought to recover damages for the death of someone wrongfully injured. A "survival" action may be maintained or continued by the personal representative of a decedent for damages accruing before death. E.P.T.L. § 11–3.2. A "wrongful death" action may be brought by the personal representative of the decedent for damages resulting from the death. E.P.T.L. §§ 5–4.1—5–4.3. Damages from a survival action may include such items as conscious pain and suffering and loss of earnings, but the recovery is limited to the suffering and personal loss to the decedent prior to death. The damages recovered become part of the estate of the decedent. Recovery for wrongful death is limited by E.P.T.L. § 5–4.3:

The damages awarded to the plaintiff may be such sum as the jury or, where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought. In every such action, in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible, shall also be proper elements of damage. Interest upon the principal sum recovered by the plaintiff from the date of the decedent's death shall be added to and be a part of the total sum awarded.

Punitive damages are expressly excluded in survival actions by the language of the statute, E.P.T.L. § 11–3.2, but are not mentioned in the wrongful death statute. It is plaintiffs' contention that a liberal reading of section 5–4.3 would allow punitive damages as another "lawful element of recoverable damages." A brief review of the history of damages recoverable in wrongful death actions therefore is necessary for a determination of the issue.

The harsh common law rule denying any right of recovery for wrongful death, exemplified by Baker v. Bolton (1808) 1 Campb. 493, 170 Eng.Rep. 1033, was ameliorated by what is known as Lord Campbell's Act, 9 & 10 Vict ch. 93 (1846). New York passed the first American wrongful death statute in 1847. The present New York statute is similar to the original one. Presently there are statutes in force in nearly all the states substantially embodying the provisions of Lord Campbell's Act as far as the right to sue for wrongful death is concerned. However, the statutes differ considerably in relation to the persons who may bring such actions and the measure, elements and distribution of damages to be awarded. Similarly, wrongful death recovery is treated by the courts of the different states in a varied manner. While it is true that punitive or exemplary damages are permitted in several states, each jurisdiction's law must be considered independently.

The New York statute limits all wrongful death recovery to "pecuniary injuries." This has been construed to mean that the persons seeking recovery must have had a reasonable expectation of deriving some pecuniary benefit from the continued existence of the decedent. In Re Pridell's Estate, 206 Misc. 316, 133 N.Y.S.2d 203 (Surrogate's Ct., Jefferson Co. 1954); Horton v. State, 50 Misc.2d 1017, 272 N.Y.S.2d 312 (Ct.Cl. 1966); N.Y. E.P.T.L. § 5-4.3, S. Hoffman, Practice Commentary (McKinney 1967). See also S. M. Speiser, Recovery For Wrongful Death § 3:1 (1966); 7B Warren, Negligence in the New York Courts §§ 6.01 and 02 (1968); N.Y. Damages Law § 1112 (1965).

There have been very few New York decisions dealing with the question of punitive damages in wrongful death actions. However, the court in Estrow v. Wilson, 30 App.Div.2d 646, 291 N.Y.S. 2d 46 (1st Dep't 1968), aptly described the state of the law. There the court, in reversing a lower court decision that had allowed a complaint to be amended to include punitive damages in a survival action and a wrongful death action, said that punitive recovery is "either prohibited [§ 11–3.2] or not provided for [§ 5–4.3]." See also 7B Warren, Negligence in the New York Courts § 4 (1968); N.Y. Damages Law § 1114 (Supp. 1974). The decision most often cited to stand for the proposition that punitive damages are inappropriate is Blessington v. McCrory Stores Corp., 198 Misc. 291, 95 N.Y.S.2d 414 (Sup.Ct. Queens Co. 1950), aff'd 279 App.Div. 807, 110 N.Y.S.2d 456 (2d Dep't 1952), aff'd 305 N.Y. 140, 111 N.E.2d 421 (1953), which holds only that punitive damages for pain and suffering before death are not allowable—a point already known from a reading of E.P.T.L. § 11–3.2. No other decisions bearing on this question have been brought to the court's attention nor has the court been able to locate any others.

■■■ Having little guidance from the New York courts, this court must examine the statute itself to determine how they would resolve the question. While the statutory phrase "other lawful element of recoverable damages" is, at best, vague, nowhere in the commentaries or case law is there any indication that section 5–4.3 authorizes anything other than compensatory recovery. Estrow v. Wilson, supra; 7B Warren, Negligence in the New York Courts § 4 (1968). Punitive damages are available only as punishment. They are intended not to compensate for loss but to punish wrongdoers for grossly negligent behavior and to warn others not to behave similarly. How this purpose can fit within the plainly compensatory nature of section 5–4.3 recovery is not explained by the plaintiffs and is not supported by the history of wrongful death recovery. See Kozar v. Chesapeake & Ohio Ry. Co., 449 F.2d 1238, 1241 (6th Cir. 1971); S. M. Speiser, Recovery For Wrongful Death (1966). Plaintiffs' argument is that not allowing punitive damages is "archaic" and should not be continued. The legislature, however, not the courts, must determine the wisdom

of policies. N.Y. Statutes ch. 6 (McKinney 1971). Section 5–4.3 clearly provides for compensation to distributees for losses sustained as a result of the death of the decedent. No other recovery is provided for, and until the legislature amends the statute, no other recovery will be permitted. "The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed." Johnson v. United States, 163 F. 30, 32 (Holmes, Circuit Justice, 1908). Punitive damages were clearly not within the contemplation of the New York Legislature when it enacted the wrongful death statute and this court will not presume to "amend" that statute.

Plaintiffs' motion for leave to amend their complaints to add a claim for punitive damages is denied.

So ordered.