OPINION OF THE COURT
Edward J. Greenfield, J.
In this action for wrongful death arising out of the crash of an American Airlines 727 in the Virgin Islands during a landing at Harry S. Truman Airport, defendant American Airlines has moved to dismiss the fourth cause of action which *564 seeks recovery of punitive damages. Accordingly, the principal issue before the court is whether punitive damages are recoverable in a wrongful death action under EPTL 5-4.3, there being no dispute as to the fact that New York law is applicable to plaintiff’s claim.
Plaintiff takes the position that EPTL 5-4.3, the wrongful death statute, can be construed to permit recovery of punitive damages; however, it has been expressly held that punitive damages are not recoverable under EPTL 5-4.3. (See, e.g., Estrow v Wilson, 30 AD2d 646; Kollin v Shaff, 79 Misc 2d 49; Eria v Texas Eastern Transmission Corp., 377 F Supp 344, revd on other grounds 535 F2d 1241.)
The wrongful death statute (EPTL 5-4.3) specifically limits recovery to "compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought” (emphasis added) and has been so construed. Thus to recover, there must be an expectation of pecuniary loss to the person for whose benefit the action is brought arising from the right to anticipate pecuniary benefits had the decedent lived. (See, e.g., Loetsch v City Omnibus Corp., 291 NY 308.) Plaintiff’s reliance on the second sentence of the section, which provides that "in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible, shall also be proper elements of damages”, is misplaced. The language relied on merely makes clear that pecuniary injuries shall include payment of expenses resulting from the accident born by the distributees or for which they are responsible. It does not broaden the compensatory nature of the recovery to include punitive damages. Neither is there any basis to support plaintiff’s contention that the language of the statute evidences a legislative intent to permit recovery of punitive damages. To the contrary, the statute expressly uses the word compensation. Compensatory damages and punitive damages are mutually exclusive.
To the extent that plaintiff relies on the fact that the survival statute expressly prohibits recovery of punitive damages, whereas no such prohibition is contained in the wrongful death statute, plaintiff overlooks the fact that the survival statute was passed long after the wrongful death statute. The *565 prohibition contained in the survival statute is consistent with the compensatory nature of the wrongful death statute and indicates a legislative intent that heirs and distributees not succeed to the decedent’s right to recover punitive damages.
Plaintiff’s final contention, that a construction of the wrongful death statute to prohibit punitive damages would constitute a denial of equal protection, is without merit. Although the position finds support in two reported, decisions, Matter of Paris Air Crash of March 3, 1974 (427 F Supp 701) and Robert v Ford Motor Co. (100 Misc 2d 646), the equal protection argument overlooks the fact that not one, but rather two distinct classes of persons are involved: (a) injured plaintiffs and (b) their heirs and distributees. Thus, the fact that plaintiffs in personal injury actions may recover punitive damages if the facts so warrant whereas their heirs, distributees and next of kin may not is not a denial of equal protection (Amerman v Lizza & Sons, 45 AD2d 996), as all persons similarly situated are treated alike.
As noted in Hugo v Wade (160 NYS2d 534, 536): "The Legislature has the power to classify legal rights and to make different provisions with respect to causes of action growing out of negligence and resulting in death * * * All persons similarly situated are treated alike * * * (See People v. Beakes Dairy Co., 222 N. Y. 416, 429; Matter of Gianatasio v. Kaplan, 142 Misc. 611, 615, affd. 257 N. Y. 531, appeal dismissed 284 U. S. 595; Lapolla v. Board of Educ. of City of N. Y., 172 Misc. 364, affd. 258 App. Div. 781, affd. 282 N. Y. 674.) Defendants’ argument should be addressed to the Legislature instead of the court.”
Moreover, plaintiff’s argument overlooks the fact that the Legislature, in providing an action for wrongful death created a right unknown at common law and that the Court of Appeals has refused to create one. It cannot be unconstitutional to create a right which has certain limitations. (Ratka v St. Francis Hosp., 44 NY2d 604.) (Even if a common-law cause of action for wrongful death had existed, a person has no property or vested right in rules of common law [Munn v Illinois, 94 US 113, 134], and under the New York Constitution, the Legislature is expressly given the power to alter the common law [art I, § 14].)
Plaintiff’s attempts to create a constitutional issue are unavailing as none exists. If recovery of punitive damages is *566 to be permitted in wrongful death actions, it must be done by the Legislature.
Accordingly, the motion is granted.