[No. 25120–1–I.   Division One.   April 23, 1990.]

JUNE MASUNAGA, ET AL, *Appellants,* v. GEORGE GAPASIN, ET AL, *Respondents.*

*Gordon Woodley* and *Woodley Law Offices,* for appellants.

*Martinus L. Johnson* and *Betts, Patterson & Mines, P.S.,* for respondents.

SWANSON, J.—June and Andrew Masunaga appeal from the summary judgment dismissing their claims for damages against respondents George Gapasin and Gapasin's parents (referred to collectively as Gapasin). The Masunagas contend that the trial court erred in concluding that they were required to demonstrate financial dependence on their deceased adult son in order to recover under RCW 4.24.010.

The material facts are undisputed and were summarized in an earlier appeal of this action. *See Masunaga v. Gapasin,* 52 Wn. App. 61, 757 P.2d 550 (1988) (*Masunaga* I). Dennis Masunaga, the appellants' 32–year–old son, died after being hit by a car driven by respondent George Gapasin. Masunaga, an accountant, was divorced and had a 10–year–old daughter. The administrator of Masunaga's estate eventually settled all of the estate's claims against Gapasin. The Masunagas then filed the instant action against Gapasin, claiming damages for their deceased son's "'companionship, assistance, services, love, counsel, guidance and support.'" *Masunaga* I, at 62. The action was dismissed on summary judgment.

On appeal, we reversed, holding that the Masunagas were entitled to maintain their cause of action pursuant to RCW 4.24.010, the "child–death" statute, if they could demonstrate that they were dependent on their son for support.

Because the dependence issue had not been fully explored below, the case was remanded without prejudice to Gapasin to renew the summary judgment motion. *Masunaga* I, at 70. On remand, the trial court granted Gapasin's renewed summary judgment motion, concluding that there were no material factual issues as to whether the Masunagas were dependent for support on their adult son. This appeal ensued.

In reviewing an order of summary judgment, we undertake the same inquiry as the trial court and determine whether the materials submitted demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). This court must consider the materials submitted and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

The Masunagas maintain that they are entitled to maintain a cause of action under RCW 4.24.010 even though they were not financially dependent on their deceased adult son. RCW 4.24.010 provides in pertinent part:

> The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child, *or a child on whom either, or both, are dependent for support . . ..*

(Italics ours.) An analogous provision in the general wrongful death statute, RCW 4.20.020, provides that parents and siblings may benefit from a wrongful death action brought by the deceased's personal representative if the parents or siblings are "dependent upon the deceased person for support" and if the deceased left no spouse or children.[1] If the deceased left no surviving spouse or children, and if the

---

[1]RCW 4.20.020 provides in pertinent part: "Every such action shall be for the benefit of the wife, husband, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife or husband or such child or children, such action may be maintained for the benefit of the parents, sisters or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death."

parents were dependent on the child for support, then parents may sue under either RCW 4.20.020 or RCW 4.24.010, and there is an election of remedies. *Masunaga* I, at 65 n.2.

The "dependent for support" language was added to the predecessor of RCW 4.24.010 in 1927. *See* Laws of 1927, ch. 191, § 1, p. 241. Cases interpreting this requirement and the similar requirement in RCW 4.20.020 have long held that dependence means *financial* dependence and that establishment of financial dependence is a condition precedent to maintenance of the cause of action. *See, e.g., Warner v. McCaughan,* 77 Wn.2d 178, 184–85, 460 P.2d 272 (1969); *Kanton v. Kelly,* 65 Wash. 614, 620, 118 P. 890, 121 P. 833 (1911). While a parent need not be wholly dependent in order to recover, dependence must be substantial. *Joski v. Short,* 1 Wn.2d 454, 461, 96 P.2d 483 (1939). Dependence within the meaning of the wrongful death statutes has been described as "a substantial need on one side and a substantial *financial* recognition of that need on the other side . . .". (Italics ours.) *Bortle v. Northern Pac. Ry.,* 60 Wash. 552, 556, 111 P. 788 (1910); *see also Cook v. Rafferty,* 200 Wash. 234, 93 P.2d 376 (1939).

Relying on general dictionary definitions, the Masunagas ask this court to interpret "support" to mean the providing of "emotional support and services." As one court has observed in a similar context, however, to construe the dependence requirement to encompass "emotional dependence" would render the provision virtually meaningless: "Almost all parents depend on their children for emotional satisfaction and are injured by the death of their child." *Perry v. Medina,* 192 Cal. App. 3d 603, 608, 237 Cal. Rptr. 532, 535 (1987). Moreover, the Masunagas have not, in any event, presented any evidence suggesting that they were *dependent* on their adult child's emotional support.

The Masunagas maintain that their son was raised in "the Japanese tradition whereby it would be he who would care for us and provide for us throughout our lives" and that their son "did accounting for us . . . and prepared our annual income tax returns." The provision of such services,

however, is described as "a privilege and an honor" for the *provider*; nowhere do the appellants identify evidence suggesting that they needed or were *dependent* upon such services. In addition, the dependence necessary to support an action must be based on a current condition, not on a promise of future services or anticipated future dependence. *Grant v. Libby, McNeill & Libby,* 145 Wash. 31, 37, 258 P. 842 (1927).

In 1967, the Legislature amended RCW 4.24.010, adding the following provision:

> In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent–child relationship in such amount as, under all the circumstances of the case, may be just.

The Masunagas argue that the 1967 changes reflect the Legislature's intent to expand the class of beneficiaries to include parents who are not financially dependent on an adult child. The 1967 changes, however, do not affect the class of persons entitled to bring suit; the changes merely expand the kinds of damages that may be awarded. RCW 4.24.010 was amended once more in 1973; the "dependent for support" requirement remains as originally enacted in 1927.

██ The Legislature is presumed to be familiar with judicial decisions construing RCW 4.24.010 to require financial dependence as a condition precedent to maintenance of an action by parents for the wrongful death of an adult child. *See Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 887, 652 P.2d 948 (1982). The Legislature's failure to change the dependence requirement, despite subsequent amendments to RCW 4.24.010, indicates approval of this construction. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 789, 719 P.2d 531 (1986). Moreover, this court may not amend an unambiguous statute merely because we believe that the Legislature intended something else but failed to express it adequately.

*Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978).

The Masunagas next assert that the general wrongful death statute, RCW 4.20.020, has been construed to permit nondependent parents to recover noneconomic damages for the wrongful death of a child and that a similar construction should apply to RCW 4.24.010. This argument rests on a misreading of *Gray v. Goodson,* 61 Wn.2d 319, 378 P.2d 413 (1963). The sole issue decided in *Gray* was that once a right of action under the general wrongful death statute has accrued, the subsequent death of a beneficiary does not abate the action. *Gray,* at 330.

RCW 4.20.020 provides in pertinent part:

> Every such action shall be for the benefit of the wife, husband, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife or husband or such child or children, such action may be maintained for the benefit of the parents, sisters or brothers, who may be dependent upon the deceased person for support . . ..

RCW 4.20.020 therefore establishes two tiers of beneficiaries on whose behalf a wrongful death action may be maintained. The first tier of beneficiaries includes the spouse and children of the deceased; these beneficiaries need not establish dependence on the deceased. The second tier of beneficiaries, which includes the parents and siblings of the deceased, may recover only if there are no first tier beneficiaries *and* only if the designated beneficiaries were dependent for support on the deceased. *See Reamer v. Walter H.C. Griffiths, Inc.,* 158 Wash. 665, 673, 291 P. 714 (1930).

In passing, the court in *Gray* observed that an "action may be maintained even where the beneficiary was not dependent upon the injured deceased for support . . .". *Gray,* at 329. This passage can only be read to refer to first tier beneficiaries, since the claims at issue involved the wife of the deceased. *Gray* provides no support for the proposition that second tier beneficiaries are entitled to recover

under RCW 4.20.020 without demonstrating financial dependence. *See* Comment, *Damages in Washington Wrongful Death Actions,* 35 Wash. L. Rev. 441, 449 (1960).[2]

Wrongful death actions in Washington are strictly statutory. *Huntington v. Samaritan Hosp.,* 101 Wn.2d 466, 469 n.1, 680 P.2d 58 (1984). Liberal construction of wrongful death statutes is appropriate only after the proper beneficiaries have been determined. *Roe v. Ludtke Trucking, Inc.,* 46 Wn. App. 816, 819, 732 P.2d 1021 (1987) (cohabitant of decedent is not "wife" within meaning of RCW 4.20.020); *Whittlesey v. Seattle,* 94 Wash. 645, 647, 163 P. 193 (1917). Courts in this state have extended the literal scope of such statutes only to protect beneficiaries "clearly contemplated by the statute." *Roe v. Ludtke Trucking, Inc., supra; see Armijo v. Wesselius,* 73 Wn.2d 716, 440 P.2d 471 (1968) ("child" includes illegitimate child); *Wilson v. Lund,* 74 Wn.2d 945, 447 P.2d 718 (1968). Nondependent parents of an adult child are not contemplated by the statute.

In summary, the courts in this state have long interpreted RCW 4.24.010, RCW 4.20.020, and their predecessors to require financial dependence as a condition precedent to maintenance of a wrongful death action by parents of an adult child. We find no reason to depart from these decisions. Because it is undisputed that the Masunagas were not financially dependent on their son, the trial court properly entered summary judgment in favor of the respondents.

The Masunagas next contend that construing RCW 4.24-.010 to preclude recovery by nondependent parents violates the equal protection clause of the federal constitution. Essentially, the Masunagas argue that barring an action by nondependent parents, while permitting dependent parents

---

[2]Since the Masunagas' son was survived by a minor child, the Masunagas would not, in any event, fall within the scope of RCW 4.20.020.

and parents of a minor child to recover fully, bears no rational relation to the purpose of the statute.[3]

In resolving an equal protection challenge, a court must first determine the appropriate standard of review. Unless it employs a suspect classification or burdens a fundamental right, the challenged statute is subject to the minimal scrutiny or "rational basis" test. *Myrick v. Board of Pierce Cy. Comm'rs,* 102 Wn.2d 698, 701, 677 P.2d 140, 687 P.2d 1152 (1984). Statutes establishing the beneficiaries of wrongful death actions do not involve a suspect classification or fundamental right. *See Parham v. Hughes,* 441 U.S. 347, 60 L. Ed. 2d 269, 99 S. Ct. 1742 (1979). Consequently, we apply the rational basis test.

Under the rational basis test, a court must determine:

> (1) whether the legislation applies alike to all members within the designated class; (2) whether there are reasonable grounds to distinguish between those within and those without the class; and (3) whether the classification has a rational relationship to the purpose of the legislation.

*Convention Ctr. Coalition v. Seattle,* 107 Wn.2d 370, 378–79, 730 P.2d 636 (1986). For purposes of this inquiry, "a statute is presumed constitutional and the party challenging it has a heavy burden of proof." *Cosro, Inc. v. Liquor Control Bd.,* 107 Wn.2d 754, 760, 733 P.2d 539 (1987).

As to the first part of the equal protection analysis, RCW 4.24.010 treats all persons in each of the categories that it establishes similarly. *See Forbes v. Seattle,* 113 Wn.2d 929, 943, 785 P.2d 431 (1990). As to the second requirement, facts are presumed sufficient to justify the classification; the burden is on the challenging party to prove that the classification does not rest on a reasonable basis. *Skagit Motel v. Department of Labor & Indus.,* 107 Wn.2d 856, 860, 734 P.2d 478 (1978). Appellants have not satisfied this burden here.

---

[3]Although the Masunagas challenge only RCW 4.24.010, the following arguments apply equally to the analogous portions of the general wrongful death statute, RCW 4.20.020.

Parents (and siblings in the case of RCW 4.20.020) who are financially dependent on an adult child are affected differently and more directly by that child's death than are nondependent parents. *Cf. Harris v. Kelley,* 70 Wis. 2d 242, 234 N.W.2d 628, 632 (1975). The fact that nondependent parents, as well as siblings, friends, and acquaintances, suffer emotionally from a wrongful death does not render the statutory classification unreasonable for purposes of equal protection analysis. *See Castillo v. Hidalgo Cy. Water Dist. 1,* 771 S.W.2d 633 (Tex. Ct. App. 1989).

The third question to be addressed in equal protection analysis is whether the challenged classification has a rational relationship to the purpose of the legislation. In order to satisfy this requirement, a challenger "must do more than merely question the wisdom and expediency of the statute." *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 836, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980). Under the rational basis test, a legislative classification will be upheld unless it

rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. Maryland,* 366 U.S. 420, 425–26, 6 L. Ed. 2d 393, 81 S. Ct. 1101 (1961); *State v. Brayman,* 110 Wn.2d 183, 199, 751 P.2d 294 (1988). The challenger "must show conclusively that the classification is contrary to the legislation's purposes." *Yakima Cy.,* at 836.

The Masunagas attempt to satisfy the third requirement by characterizing the objective of RCW 4.24.010 and RCW 4.20.020 in broad terms: "the object of [RCW 4.24.010] is to compensate parents for the loss of love and companionship resulting from the tortious death of a child." Brief of Appellant, at 15. No authority is cited for this characterization, which ignores the express terms of the statutes.

Both RCW 4.20.020 and RCW 4.24.010 rectify a *common law injustice,* albeit in a carefully circumscribed manner, for

those who will generally be most directly affected by a wrongful death. *See Hedrick v. Ilwaco Ry. & Nav. Co.,* 4 Wash. 400, 30 P. 714 (1892), *overruled on other grounds in Lockhart v. Besel,* 71 Wn.2d 112, 426 P.2d 605 (1967). In addition to the spouse and children of the decedent, the statutes also recognize the special hardships of certain specified relatives who were financially dependent on the decedent. It is therefore reasonable to assume that the classes of beneficiaries established in RCW 4.24.010 reflect the Legislature's attempt to balance a recognition of the harsh common law rule with a concern for judicial effi-. ciency.

To demonstrate the alleged irrationality of the challenged classification, appellants note that under RCW 4.24-.010, parents could recover fully for the wrongful death of a 17–year–old son, but not for a 22–year–old son, even if both children were killed in the same accident. However, the mere fact that a statutory classification does not provide a remedy for every conceivable type of injury does not render the statute irrational or unconstitutional. *Cf. Harris v. Kelley, supra.* Legislatures must inevitably draw lines that treat some people differently from others. "[E]qual protection does not require a state to attack every aspect of a problem." *Yakima Cy.,* at 836.

In *Hempel v. American Airlines, Inc.,* 102 Misc. 2d 563, 423 N.Y.S.2d 778 (Sup. Ct. 1979), the plaintiff argued that the fact that the wrongful death statute barred recovery of punitive damages, whereas plaintiffs in a personal injury action could recover punitive damages, violated equal protection guaranties. In rejecting this argument, the court observed:

> [P]laintiff's argument overlooks the fact that the Legislature, in providing an action for wrongful death created a right unknown at common law . . . It cannot be unconstitutional to create a right which has certain limitations.

*Hempel,* at 565.

Appellants have not cited any decision sustaining an equal protection challenge to a legislature's choice of beneficiaries in a wrongful death statute. Numerous courts, however, have rejected a variety of equal protection arguments similar to those raised here. *See, e.g., Hempel v. American Airlines, Inc., supra; Harris v. Kelley, supra* (wrongful death statute excluding nondependent adult children from recovery not violative of equal protection); *Bridges v. Phillips Petroleum Co.,* 733 F.2d 1153 (5th Cir. 1984) (statute providing recovery of exemplary damages for surviving spouse and children but not surviving parents and siblings is not violative of equal protection), *cert. denied,* 469 U.S. 1163 (1985). These decisions reflect a consistent judicial reluctance to tamper with the legislative choice of beneficiaries for wrongful death actions. *See generally* 22A Am. Jur. 2d *Death* § 9 (1988).[4]

In summary, appellants have failed to sustain their burden of demonstrating that RCW 4.24.010 violates equal protection guaranties. Amendment of the statute to enlarge the class of beneficiaries is a legislative, not a judicial, matter.

Judgment affirmed.

SCHOLFIELD and WEBSTER, JJ., concur.

Review denied at 115 Wn.2d 1012 (1990).

---

[4]We have recently rejected a similar equal protection challenge to RCW 4.24-.010. *See Shoemaker v. St. Joseph Hosp. & Health Care Ctr.,* 56 Wn. App. 575, 784 P.2d 562, *review denied,* 114 Wn.2d 1029 (1990).