In the Matter of the Estate of
Garrett David Wamiloh Peven-Holladay, Deceased.

Barry David PEVEN,
*Respondent,*

*v.*

Sheila Lorraine HOLLADAY,
*Appellant.*

(50-88-09376; CA A63851)

820 P2d 1

Thad M. Guyer, Medford, argued the cause and filed the briefs for appellant.

James L. Bumpas, Eugene, argued the cause for respondent. With him on the brief was Sahlstrom & Dugdale, Eugene.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Appellant appeals after a probate court held that the money received by her for covenanting not to sue a hospital belongs to the estate of her deceased child. We reverse.

In November, 1985, appellant had the child out of wedlock. In March, 1988, a court adjudged respondent to be the father and awarded appellant custody and child support. When the child was 10 months old, he developed leukemia. Appellant, who was receiving public assistance, sought public funding for a bone marrow transplant. She was unsuccessful and, in March, 1988, she moved with him to Washington to establish residency to secure medical care. On April 11, the child underwent a splenectomy at Children's Hospital and Medical Center in Seattle. Later, doctors discovered a surgical sponge in his small bowel. In July, appellant and the hospital began negotiating settlement of any claims that she might have against it. In August, the hospital advanced appellant funds to rent a house. On October 9, the child died in the hospital. Appellant then returned to Oregon.

On November 15, 1988, respondent was named personal representative of the estate.[1] On December 6, acting individually *and* as personal representative, he filed a wrongful death action against the hospital in a federal district court in Washington.[2] Appellant continued to negotiate with the hospital about claims that she had against it. Respondent asked her to cease negotiations. On March 24, 1989, appellant executed a covenant not to sue the hospital and received $75,000.[3] On April 14, respondent filed a petition asking the court to declare that the money belonged to the estate.

---

[1] On November 15, 1988, the probate court in Lane County appointed respondent personal representative of the child's estate. On November 23, appellant petitioned the probate court in Jackson County to appoint her personal representative and petitioned the court in Lane County to revoke the Letters of Administration that it had issued to respondent. The Lane County court denied the motion, and appellant did not appeal. In January, 1988, the court in Jackson County dismissed her petition.

[2] The defendants in the wrongful death action were Children's Hospital and Medical Center and Drs. Smith, Schaller and Haas. Appellant executed the covenant not to sue those defendants and another doctor and assigned the right to recover any distributions from the child's estate to the Washington Hospital Liability Insurance Fund. We refer to the defendants and the liability fund collectively as "the hospital."

[3] The hospital paid appellant $71,400, and she acknowledged the previous receipt of $3,600. It also paid her $6,000 for transportation and for burial of the child.

The trial court concluded that appellant and the child were Oregon domiciliaries, that appellant had negotiated with the defendants in the wrongful death action filed by respondent, that the proceeds from the covenant belong to the child's estate and that appellant holds them in trust. It entered a $75,000 judgment against her.

Appellant acknowledges that respondent alone had standing under ORS 30.020 to assert a wrongful death claim on behalf of the beneficiaries of the estate. She argues, however, that she is not prevented from retaining the proceeds under Washington law. The covenant provides:

"This is a Covenant Not to Sue or Execute With Assignment of Claims and is not a release of all parties or potential parties to this or related litigation.

"* * * * *

"Sheila Holladay executes this agreement in her personal capacity, in her capacity under RCW 4.24.010, and in her capacity as a pertinent person who would be entitled to recovery as a beneficiary of the estate of Garrett David Holladay.

"* * * * *

"Barry David Peven, father of decedent David Garrett Holladay, established venue for the administration of the estate of Garrett David Holladay in Lane County, Oregon on November 15, 1988, and was appointed personal representative of the estate. Barry David Peven, individually and on behalf of the estate of Garrett David Holladay, brought suit against Children's Hospital and Medical Center * * *. [His] complaint is in United States District Court, Western District of Washington, at Seattle, Cause No. C88-1554, and is hereby incorporated by reference. Sheila Holladay is not joined as a party in the aforesaid action * * *.

"Sheila Holladay and Children's Hospital and Medical Center seek to settle and compromise all claims that Sheila Holladay may have or could bring against Children's Hospital and Medical Center * * * by reason of the death of Garrett David Holladay * * *. Sheila Holladay agrees as follows:

"1. Sheila Holladay shall not pursue or execute upon any and all causes of action personal to her * * *;

"2. Sheila Holladay specifically seeks to settle her claims under RCW 4.24.010, including any claims she has for medical, hospital, medication expenses, loss of services and

support, loss of love and companionship of the child, and for injury or destruction of the parent-child relationship;

"* * * * *

"6.  Sheila Holladay hereby sells, assigns and transfers to the Washington Hospital Liability Insurance Fund all of her rights and entitlements * * * to any distributions from the estate of Garrett David Holladay payable to her by reason of payments made to the estate in settlement of or as damages awarded for any cause of action * * *."

The court erred when it ruled that the proceeds from the covenant are part of the child's Oregon estate. Appellant covenanted not to sue the hospital under a Washington law that gives the parent of a minor child a cause of action for death. RCWA § 4.24.010.[4] Respondent asserts that appellant cannot execute a covenant not to sue under that statute, because only he may enter into a settlement relating to the child's death. However, appellant had a statutory cause of action, and respondent has not elucidated any Washington law barring her from settling her claim under that statute. *See* Speiser, *Recovery for Wrongful Death* 444, § 5:15 (1966). Moreover, appellant's agreement with the hospital did not purport to affect the action filed by respondent.

Reversed.

---

[4] RCWA § 4.24.010 provides:

"The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child, or a child on whom either, or both, are dependent for support: *Provided,* That in the case of an illegitimate child the father cannot maintain or join as a party in action unless paternity has been duly established and the father has regularly contributed to the child's support."

The personal representative may maintain a separate action for wrongful death. *See* RCWA 4.24.020; *Masunga v. Gapasin,* 57 Wash App 624, 629, 790 P2d 171, *rev den* 115 Wash 2d 1012 (1990).