**OSG PRODUCT TANKERS LLC, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

and

**USS Product Carriers LLC, Defendant–Intervenor.**

**No. 07–561C.**

United States Court of Federal Claims.

Reissued March 19, 2008.[1]

1. This Opinion was issued under seal on February 19, 2008, pursuant to the protective order filed in this case. The parties had an opportunity to advise the court of any "protected information" referred to in the Opinion. Neither party proposed any redactions.

Filed Feb. 19, 2008.

---

**OPINION AND ORDER**

ROBERT H. HODGES, JR., Judge.

Plaintiff OSG seeks interlocutory appeal of the court's denial of its motion to amend the Complaint. *See* 28 U.S.C. § 1292(d)(2); RCFC 59(e). We deny plaintiff's motion for the reasons stated below.

Plaintiff moved to amend its Complaint to add Count IV, alleging that the contracting officer lacked a rational basis for finding that Intervenor USS Product Carriers was a responsible bidder. The Government opposed OSG's motion to amend the Complaint and filed a motion to dismiss for lack of subject matter jurisdiction. We denied plaintiff's motion to amend because OSG lacked standing to complain about USS's responsibility determination. Plaintiff moved for reconsideration, which we denied in November 2007. Plaintiff now asks the court to certify that its ruling on the motion to amend qualifies for interlocutory appeal.

█ Certification of an order for interlocutory appeal requires that the ruling involve a controlling question of law, about which a substantial ground for difference of opinion exists. *See* 28 U.S.C. § 1292(d)(2). Importantly, the appeal must materially advance resolution of the litigation. *Id.*

## Controlling Question of Law

█ A controlling question of law is one that "materially affect[s] issues remaining to be decided in the trial court." *Marriott Int'l Resorts, L.P. v. United States,* 63 Fed.Cl. 144, 145 (2004). Plaintiff seeks to appeal a discretionary ruling by the trial court, denying its motion for leave to file an amended Complaint. The amended Complaint would question the responsibility of the contract awardee, USS Product Carriers. Plaintiff's authority is *Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324 (Fed.Cir.2001). *Impresa* held that a disappointed bidder had standing to question the winning bidder's responsibility even though its own bid was technically deficient. *Id.* In this case, plaintiff was not disqualified for a technically deficient bid, but for plaintiff's non-responsibility finding. According to the Federal Circuit, a bidder that could not establish its responsibility did not have a "substantial chance of securing the award." *Myers Investigative & Sec. Servs., Inc. v. United States,* 275 F.3d 1366, 1370 (Fed.Cir. 2002). Therefore, Meyers did not have standing to complain about defects in the bid of the winning contractor. *Id.*

Issues currently in the Complaint focus on the contracting officer's determination of

plaintiff's non-responsibility. These issues involve plaintiff's non-debarment for actions the contracting officer considered in making her determination of non-responsibility, whether the contracting officer lacked a rational basis for her decision, and the possibility that the contracting officer treated plaintiff unequally and unfairly. Plaintiff's standing to argue the winning bidder's responsibility does not materially affect those issues.

### Substantial Ground for Difference of Opinion

Varying interpretations of cases on point raises substantial grounds for difference of opinion. *Klamath Irrigation Dist. v. United States*, 69 Fed.Cl. 160, 163 (Fed.Cl.2005). Plaintiff interprets *Impresa* to mean that the Government must rebid a contract if the awardee's responsibility determination lacked a rational basis. *See Impresa*, 238 F.3d at 1332–34. If plaintiff's proposed Count IV were decided in plaintiff's favor, then the Government would rebid the contract and make a new determination of plaintiffs responsibility. The passage of time would allow OSG to clarify and perhaps eliminate some of the issues that caused the contracting officer to make her determination of non-responsibility. Then, plaintiff argues, OSG would have a substantial chance of receiving the award in a rebid. This possibility gives it standing to complain about USS' responsibility.

The controlling case is *Myers*. *See* 275 F.3d at 1370. That case distinguished between the Government's obligation to rebid and its obligation to make a new award. The Federal Circuit stated, "[i]n *Impresa* we considered the standard to be applied where the plaintiff claims that the government was obligated to rebid the contract (as contrasted with a situation in which the plaintiff claims that it should have received the award in the original bid process)." *Id.* According to *Impresa*, a disappointed bidder has standing to question the responsibility determination of the winning bidder if the disappointed bidder was eligible for the award in the first bid. *See Impresa*, 238 F.3d at 1333. *Myers* holds that a non-responsible bidder in the first bid is not an "interested party." *See*

*Myers*, 275 F.3d at 1371 (noting that "[a]wards may not be made to contractors that are not responsible."). OSG's bid was technically acceptable, but the contracting officer determined that OSG was non-responsible.

### Materially Advance the Ultimate Termination of the Litigation

Count IV does not affect the other three issues of the Complaint, and therefore will not advance resolution of this case. We must adjudicate plaintiff's non-responsibility claims regardless of whether it has standing to challenge the winning bidder's responsibility. The proceedings would be delayed while the parties brief potentially irrelevant issues and await appellate review. *See Klamath*, 69 Fed.Cl. at 163 (holding "[w]hether interlocutory review … materially advance[s] the resolution of [a] case … depends in large part on considerations of judicial economy and the need to avoid unnecessary delay and expense and piecemeal litigation.") (internal quotes omitted). These are standards typically left to the trial court's discretion.

### Futility

Plaintiff argues that the rules of this court permit it to amend the Complaint as a matter of course. *See* RCFC 15(a). The Supreme Court has said that a judge may deny such a request if it is futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (holding that "[i]n the absence of any apparent or declared reason—such as … *futility of amendment* … the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the [trial court] ….") (emphasis added).

Only an "interested party" may bring an action of this type in this court. 28 U.S.C. § 1491(b)(1). The Federal Circuit stated that "standing under § 1491(b)(1) is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract." *Am. Fed'n of Gov't Employees, AFL–CIO v. United States*, 258 F.3d 1294, 1302 (Fed.Cir.2001). This plaintiff had no interest in the outcome of the

procurement because it was declared non-responsible. The ruling of non-responsibility removes plaintiff's standing to complain about the winning bidder's responsibility. The parties agree, however, that the Government must award the plaintiff the contract if plaintiff proves the allegations of its Complaint as it stands.

## CONCLUSION

A plaintiff must have standing to question the responsibility determination of the winning bidder. The Federal Circuit held in *Impresa* "that a potential bidder must establish that it had a substantial chance of securing the award in order to establish standing." *See Myers,* 275 F.3d at 1370. As stated above, having a substantial chance includes being an "interested party." *Myers* holds that if a bidder is not responsible, then it is not an "interested party" because "[a]wards may not be made to contractors that are not responsible." *Id.* at 1371.

OSG submitted an acceptable bid, which the contracting officer acknowledged to be the lowest. However, the contracting officer determined that plaintiff was non-responsible and did not award it the contract for that reason. Plaintiff's non-responsibility determination prevents it from being an interested party in that procurement. Count IV would be subject to a ruling on summary judgment for lack of jurisdiction. *See Eria v. Texas E. Transmission Corp.,* 377 F.Supp. 344, 345 (D.C.N.Y.1974) (noting "if the amended pleading could be defeated by a motion for summary judgment, to grant leave to amend would be a futile gesture.").

This plaintiff had no interest in the outcome of the procurement because OSG was declared non-responsible. If that determination of non-responsibility was wrong, as alleged by the current Complaint, the Government will award the contract to plaintiff. That would be its appropriate remedy.

Plaintiffs motion for interlocutory appeal is DENIED. No costs. This opinion will be filed under seal. The parties have until February 29 to submit redactions to this court.